MILTON ELMO TROWBRIDGE and ELIZABETH TROWBRIDGE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trowbridge v. Commissioner
Docket No. 16363-79.
United States Tax Court
T.C. Memo 1981-190; 1981 Tax Ct. Memo LEXIS 554; 41 T.C.M. (CCH) 1302; T.C.M. (RIA) 81190; April 21, 1981. William E. Bishop, for the petitioners. Shuford A. Tucker, Jr. and Vallie C. Brooks, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $ 13,253.22 and $ 12,859.30 in petitioners' Federal income taxes for 1975 and 1976, respectively. The only issue is whether petitioners realized taxable income as a consequence of interest-free loans made to petitioner-husband by a corporation of which he was a shareholder. All the facts have been stipulated and are found accordingly. Petitioners, Milton Elmo Trowbridge and Elizabeth Trowbridge, husband and wife, were residents of Jackson, Miss., when they filed their petition in this case. Petitioner Milton Elmo Trowbridge (hereinafter *555 petitioner) owned 50 percent of the stock in Van-Trow Oldsmobile Company (hereinafter the corporation) during the years in issue. The corporation made interest-free loans to petitioner. The balance of those loans outstanding at the end of calendar ears 1974 and 1975, respectively, was $ 246,275.58 and $ 248,224.31. Petitioner was a cash basis taxpayer. He reported no income as a result of the loans and claimed no interest deduction under section 163 [1] with respect to the loans. In his statutory notice of deficiency, respondent determined that petitioner realized income in the form of an economic benefit resulting from the interest-free loans. Accordingly, he increased petitioner's income by $ 19,368.17 and $ 18,726.34 in 1975 and 1976, respectively. [2]
The only issue is whether petitioner realized taxable income as a consequence of interest-free loans made to him by a corporation *556 of which he was a shareholder. We hold he did not. Respondent acknowledges that a decision in his favor would require us to overrule , and its progeny. [3] We decline his invitation to do so. To reflect the foregoing, Decision will be entered for petitioners. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Respondent calculated the income amounts by multiplying the average monthly balance of loans in a year by the average prime interest rate that year. The figures necessary to that calculation were stipulated.↩
3. See , affg. a Memorandum Opinion of this Court; ; , appeal filed (5th Cir., Feb. 15, 1980); , appeal filed (5th Cir., Feb. 5, 1980); , appeal filed (9th Cir., Nov. 20, 1979). There is no evidence in the record to indicate that, had interest been paid, an interest deduction would have been improper, for example, under secs. 265(2) or 163(d). See ; .↩