LEE O. and JANET RUWE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ruwe v. Commissioner
Docket No. 15530-79.
United States Tax Court
T.C. Memo 1981-230; 1981 Tax Ct. Memo LEXIS 514; 41 T.C.M. (CCH) 1458; T.C.M. (RIA) 81230; May 7, 1981. Barry Marcus, for the petitioners. Carmen J. Santamaria and John Meaney, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 737.00 in petitioners' Federal income tax for 1977. The only issue is whether petitioners realized taxable income as a consequence of interest-free loans made to petitioner-husband by a corporation he controlled. All the facts have been stipulated and are found accordingly. Petitioners, Lee O. Ruwe and Janet Ruwe, husband and wife, were residents of Meridian, Idaho, when they filed their petition in this case. During 1977, petitioner Lee O. Ruwe (hereinafter petitioner) was president and majority shareholder of Lee O. Ruwe, Inc., a corporation *515 which owned and operated a trailer court. The corporation made interest-free loans to petitioner which he applied to his personal uses. The balance of those loans outstanding as of December 31, 1977, was $ 42,676.52. [1]
Petitioner was a cash basis taxpayer. He reported no income as a result of the loans and claimed no interest deduction under section 163 [2] with respect to the loans. In his statutory notice of deficiency, respondent determined that petitioner realized dividend income in the form of an economic benefit resulting from the interest-free loans. Accordingly, respondent increased petitioner's income by $ 2,828--the amount of interest respondent determined that petitioner would have been charged by an unrelated lender. The only issue is whether petitioner realized taxable income as a consequence of interest-free loans made *516 to him by a corporation he controlled. We hold he did not. Respondent acknowledges that a decision in his favor would require us to overrule , and its progeny. [3] We decline his invitation to do so. To reflect the foregoing, Decision will be entered for petitioners. Footnotes
1. Although no notes, agreements, or other evidences of indebtedness were executed by petitioner and Lee O. Ruwe, Inc., the corporation treated the sums advanced to petitioner as loans on its books. Respondent does not challenge that characterization.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. See , affg. a Memorandum Opinion of this Court; ; , appeal filed (5th Cir., Feb. 15, 1980); , appeal filed (5th Cir., Feb. 5, 1980); , appeal filed (9th Cir., Nov. 20, 1979). There is no evidence in the record to indicate that, had interest been paid, an interest deduction would have been improper, for example, under secs. 265(2) or 163(d). See ; .↩