EDWIN F. GORDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gordon v. Commissioner
Docket Nos. 10839-78, 11784-78, 23019-81.
United States Tax Court
T.C. Memo 1984-49; 1984 Tax Ct. Memo LEXIS 628; 47 T.C.M. (CCH) 989; T.C.M. (RIA) 84049; January 30, 1984. Paul M. Murphy and E. Robert Gordon, for the petitioner. Nelson E. Shafer, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal *630 income tax in these consolidated cases: Additions to tax
Year
Amount
sec. 6653(a)
1973 [1]
$22,526.32
1974
$145,997.11
1975
4,983.23
1977
7,982.27
$399.11
1978
226.09
11.30
After concessions, the sole issue is whether certain income received by petitioner as shareholder of a subchapter S corporation is "investment income" within the meaning of section 163(d)(3)(B). [2]
All the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner Edwin F. Gordon resided in Hillsboro Beach, Florida when he filed his petitions herein. During the years in issue petitioner was the sole shareholder of Geuder. Paeschke and Frey Company (hereinafter called "GPF Co.") and GPF Co. was an electing small business corporation under section 1372. *631 GPF Co. derived substantially all its income from the manufacture of metal stampings for laundry equipment and parts. A small portion of GPF Co.'s income was derived from investment activities. Petitioner paid substantial amounts of "investment interest" as that term is defined in section 163(d)(3)(D) during the years before the Court. On his Federal income tax returns for each of the years in issue, petitioner deducted amounts of his investment interest expense paid in those years. Petitioner also reported on his returns both actual distributions from GPF Co. treated as dividends under section 316(a) and undistributed taxable income of GPF Co. treated as dividend income under section 1373(b). Respondent disallowed portions of the investment interest expense deductions under the limitation on the deduction of investment interest under section 163(d). We must decide whether the actual distributions and undistributed income treated as dividend income from GPF Co. constitute "investment income" under section 163(d)(3)(B) so as to increase the amount of investment interest currently deductible by petitioner. Section 163(d) limits the amount of interest paid for investment purposes *632 deductible in any one year by certain taxpayers. It is undisputed that the definition of investment income includes dividends. Sec. 163(d)(3)(B). Petitioner argues that both the actual dividends and undistributed taxable income treated as dividends from GPF Co. constitute such dividends. Respondent contends that the operating income of GPF Co. retains its character as such income in petitioner's hands and does not constitute a dividend for purposes of section 163(d). Respondent points specifically to section 163(d)(4)(C). [3] We hold the dividends and undistributed taxable income treated as dividends constituted investment income. *633 The facts of this case are substantially similar to the facts in our recent opinion in , appeal filed (5th Cir. September 20, 1983). In Crook, the taxpayers owned stock in three electing small business corporations. Each corporation had no investments and derived all its income from operations. The taxpayers asserted the actual distributions treated as dividends and undistributed taxable income treated as dividend income were investment income for purposes of section 163(d). We agreed with the taxpayers and rejected the Commissioner's view that such income retained the character it had in the hands of the corporation for shareholder purposes under section 163(d). In Crook, we considered in detail the arguments made by respondent in the instant case. We shall not rehash those arguments again here. The only difference between Crook and the case now before us is that the electing small businesses in Crook had no investment income, whereas GPF Co. had a small amount of investment income. However, this difference is not relevant to the outcome of this case. We said in Crook:
"The statute [i.e., section *634 163(d)(4)(C)] does not purport to attribute the character of the operating income of the corporation to its shareholders; nor does it purport to limit or to provide the exclusive means by which a shareholder may receive investment income from a subchapter S corporation. The section merely attributes the character of such a corporation's investment items to its share-holders." [fn. ref. omitted.] ( ) Our opinion in Crook governs here. To reflect concessions, Decision will be entered under Rule 155.
Footnotes
1. The deficiency notice for 1973 is a joint notice addressed to petitioner and Jeri L. Gordon, petitioner's former wife. Jeri L. Gordon is not a petitioner in this case.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended in effect during the taxable years in issue.↩
3. Section 163(d)(4)(C) provided: "In the case of an electing small business corporation (as defined in section 1371(b)), the investment interest paid or accrued by such corporation and the other items of income and expense which would be taken into account if this subsection applied to such corporation shall, under regulations prescribed by the Secretary, be treated as investment interest paid or accrued by the shareholders of such corporation and as items of such shareholders, and shall be apportioned pro rata among such shareholders in a manner consistent with section 1374(c)(1)."↩