S. KENNETH BOOKER and BARBARA A. BOOKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Booker v. Commissioner
Docket No. 171-84.
United States Tax Court
T.C. Memo 1985-93; 1985 Tax Ct. Memo LEXIS 540; 49 T.C.M. (CCH) 854; T.C.M. (RIA) 85093; February 28, 1985. S. Kenneth Booker, pro se. Warren P. Simonsen, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in petitioners' Federal income tax liabilities and additions to tax as follows: Additions to Tax
Year
Deficiency
Section 6653(a)(1) [1]
1980
$4,864.00
$243.20
1981
4,036.00
201.80
1982
4,918.00
245.90
*541 Trial of this case was held in Washington, D.C., on December 10, 1984. At the beginning of trial respondent orally moved for damages under section 6673. After concessions, the issues to be decided are whether petitioners are entitled to deduct alleged charitable contributions, whether petitioners are liable for the additions to tax set forth above, and whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Petitioners S. Kenneth and Barbara Booker are husband and wife and resided in Falls Church, Virginia, when the petition herein was filed. For the years 1980, 1981, and 1982, petitioners timely filed their Federal income tax returns. S. Kenneth Booker (hereinafter referred to as "petitioner") was a repairman employed by the Western Electric Company and Barbara Booker was an employed housekeeper during the years in question. On their Federal income tax returns for 1980, 1981, and 1982, petitioners reported the following amounts of adjusted gross income and claimed the following charitable contributions to the Universal Life Church (hereinafter referred to as "ULC"): Adjusted
Charitable
Year
Gross Income
Contributions to ULC
1980
$33,014.60
$16,500
1981
33,186.90
16,550
1982
32,737.24
16,300
*542 Respondent disallowed the charitable contributions and advised petitioners that claimed charitable contributions to the ULC had been consistently disallowed by the courts. The contributions were allegedly made by checks written on petitioners' personal checking accounts. Mrs. Booker did not testify. Petitioner did not offer into evidence bank statements or deposit slips for any of their checking accounts. Petitioner did offer into evidence copies of cancelled checks, allegedly representing the contributions he and his wife made to the ULC. The reverse sides of those checks were defaced by petitioner after he received a subpoena from respondent to produce the checks. The only legible markings on the reverse sides of the copies of the checks introduced into evidence were the words: "FOR DEPOSIT ONLY UNIVERSAL LIFE CHURCH". Other words, particularly the endorsement signatures, were made illegible, although petitioner does not remember which words he eliminated. Not only is the record unclear with respect to who endorsed the checks but it is also unclear regarding who received the funds upon cashing the checks, and what the funds were used for. OPINION Section 170 [2] *543 generally allows deductions for charitable contributions where taxpayers can prove for following: First, that the contributions were actually made; second, that the contributions were made to a qualified tax-exempt organization; and third, that no part of the net earnings of the qualified tax-exempt organization inured to the taxpayers' personal benefit. Davis v. Commissioner,81 T.C. 806 (1983), appeal filed (9th Cir., June 25, 1984); Miedaner v. Commissioner,81 T.C. 272 (1983); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion, 720 F.2d 664 (3d Cir. 1983). Petitioners contend that they made contributions to the ULC, which they consider to be a tax-exempt organization. Respondent's position is that petitioners did not make any contributions to the ULC, and that petitioners received the personal use of the funds allegedly contributed. [13]
*544 If petitioners' position is correct, they would have donated approximately one-half of their adjusted gross income each year to the ULC. Contributions in that amount call for a credible explanation which petitioners have not provided. No evidence was offered that would support a finding that petitioners actually made contributions to a qualified tax-exempt organization, nor have petitioners established that they did not personally benefit from the alleged contributions. We therefore uphold respondent's disallowance of the claimed charitable contributions. Respondent determined that the additions to tax were applicable under sections 6653(a)(1) and 6653(a)(2) because petitioners negligently failed to pay their total Federal income tax liabilities. Respondent's determination of negligence is presumptively correct and will be upheld, unless petitioners rebut the presumption which petitioners herein have failed to do. See, e.g., McGahen v. Commissioner,76 T.C. at 484. Accordingly, we find for respondent on this issue. The final issue for decision is whether damages should be awarded to the United States pursuant to section 6673. [4] Section 6673 provides for *545 damages to be awarded to the United States in an amount not in excess of $5,000 whenever it appears that a taxpayer has filed the petition primarily for delay or where the taxpayer's position is frivolous or groundless. As we have recently stated, this Court has been faced with numerous cases, such as this one, concerning attempts by taxpayers to use the "pretext of a church to avoid paying their fair share of taxes, * * * [and to] resort to the courts in a shameless attempt to vindicate themselves." Miedaner v. Commissioner,81 T.C. at 282. Petitioners herein have abused the processes of this Court and wasted its resources. On this record we conclude that the proceedings herein were instituted primarily for delay and accordingly impose damages on petitioners under section 6673 in the amount of $1500. *546 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. Respondent additionally determined an amount equal to 50-percent of the interest due on the underpayments, if any, that are upheld by this Court for the years 1981 and 1982. Section 6653(a)(2).↩
2. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * * (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * * ↩
13. We note that the Internal Revenue Service has announced that it will no longer recognize the tax-exempt status of the Universal Life Church, Modesto, California. Announcement 84-90, 1984-36 I.R.B. 32↩ (September 4, 1984).
4. Section 6673 provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or goundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩