JOHN LAYDEN AND LINDA LAYDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Layden v. Commissioner
Docket No. 16190-83.
United States Tax Court
T.C. Memo 1985-372; 1985 Tax Ct. Memo LEXIS 258; 50 T.C.M. (CCH) 527; T.C.M. (RIA) 85372; July 25, 1985. John Layden, pro se. David Goldberg, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for taxable years 1980 and 1981 as follows: Additions to Tax
Year
Deficiency
§ 6653(a)(1) [1]
§ 6653(a)(2)
1980
$4,220.34
$211.01
1981
$5,510.00
$275.50
50% of the in-
terest due on
$5,510.00 [2]
*260 After concessions, the issues to be decided are: (1) Whether petitioners are entitled to deductions of $12,180 and $16,475 for contributions made to the Universal Life Church in 1980 and 1981, respectively; (2) whether petitioners are liable for additions to tax under section 6653(a); and (3) whether petitioners are liable for damages under section 6673. FINDINGS OF FACT Some of the facts were orally stipulated and are so found. Petitioners John J. Layden and Linda A. Layden (hereinafter "petitioners" or "Mr. and Mrs. Layden") resided in Massapequa Park, New York, when they filed the petition herein. Petitioners reported income of $43,319 and $43,971 on their tax returns for 1980 and 1981, respectively. During the years in issue, petitioner John J. Layden reported his occupation as police lieutenant. Petitioner Linda A. Layden reported her occupation as homemaker. Petitioners claimed charitable deductions of $12,180 in 1980 and $16,475 in 1981 for contributions to a local congregation of the Universal Life Church (hereinafter "local congregation"). The Board of Directors of this congregation consisted of petitioners and Peter V. Layden, brother of petitioner John J. Layden. *261 The local congregation received a charter from the Universal Life Church, Inc. of Modesto, California (hereinafter "ULC, Inc."). OPINION (1) Deductibility of Contributions.
Under section 170, a taxpayer is entitled to deduct contributions made to charitable organizations subject to certain limitations. In order to qualify for a deduction under section 170(c), petitioners must show (1) that the contributions were actually made; (2) that the contributions were made to a qualified tax-exempt organization; and (3) that no part of the net earnings of that organization inured to the benefit of any individual. Davis v. Commissioner,81 T.C. 806 (1983), appeal filed (9th Cir. June 25, 1984); Miedaner v. Commissioner,81 T.C. 272 (1983); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Deductions are a matter of legislative grace and petitioners bear the burden of proving their entitlement to the claimed deductions. Deputy v. DuPont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Welch v. Helvering,290 U.S. 111 (1933); *262 Rule 142(a). [3] For the following reasons, we find that petitioners have failed to meet this burden.
A charitable contribution is deductible only if it is substantiated. Section 170(a)(1); section 1.170A-1(a)(2), Income Tax Regs. Petitioners have not produced any admissible evidence which substantiates the amounts of the deductions claimed on their 1980 and 1981 tax returns. [4] Because petitioners have failed to comply with the substantiation requirements of section 170, they are not entitled to deductions under that section. Further, petitioners have failed to establish that the alleged contributions were made to a qualified tax-exempt organization. Petitioners correctly assert that the ULC, Inc. had tax-exempt status in 1980 and *263 1981. [5] However, this Court has repeatedly held that ULC, Inc.'s specific exemption is not a group exemption. Davis v. Commissioner,supra at 815. Thus, in order for contributions to be deductible under section 170(c), petitioners' local congregation must qualify as a tax-exempt organization under section 501(c)(3). An organization is eligible to receive tax-deductible contributions if it is organized and operated exclusively for exempt purposes. Section 170(c)(2)(B). To satisfy the organizational test, the congregation's assets must be dedicated to an exempt purpose on liquidation. Section 1.501(c)(3)-1(a)(4), Income Tax Regs. Although petitioner John J. Layden testified that he believed that the local congregation's assets would revert to the ULC, Inc. on dissolution, he produced no documentary evidence to support this testimony. Mr. Layden failed to answer any questions concerning the operations of the local congregation. *264 He based his refusal on the ground that disclosure of the congregation's operations would interfere with his rights under the First Amendment. However, requiring a taxpayer to show that an organization satisfies the requirements of section 170(c) in order to permit deductions for contributions made to that organization constitutes, at most, an incidental burden on his right to freedom of religion. Hall v. Commissioner,729 F.2d 632, 635 (9th Cir. 1984), affg. a Memorandum Opinion of this Court. Such a burden is constitutionally permissible. Unitary Mission Church v. Commissioner,74 T.C. 507, 514 (1980), affd. without published opinion 647 F.2d 163 (2d Cir. 1981). Additionally, petitioners produced no evidence which would indicate that none of the local congregation's funds inured to the benefit of any individual. This Court informed Mr. Layden at trial that his failure to answer questions concerning his claim that the local congregation was a qualified tax-exempt organization could lead to the presumption that his answers, if given, would be unfavorable to his position. Wichita Terminal Elevator co. v. Commissioner,6 T.C. 1158, 1165 (1946) *265 affd. 162 F.2d 513 (10th Cir. 1947). Mr. Layden failed to answer questions and produced no evidence concerning the organization and operation of the local congregation and the inurement of the congregation's earnings for the benefit of individuals. Accordingly, we infer that his answers, if given, and his evidence, if produced, would not support his position that the local congregation was a qualified tax exempt organization. Thus, we must conclude that the local congregation was not a qualified tax-exempt organization under section 501(c)(3). Because petitioners have not substantiated the amounts of their claimed contributions nor shown that the contributions were made to a qualified tax-exempt organization, they have failed to meet their burden of proof on the issue of deductibility. (2) Additions to Tax.
Respondent has determined that petitioners are liable for additions to tax under section 6653(a). Section 6653(a)(1) provides for an addition to tax of five percent of any underpayment which is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest *266 payable under section 6601 with respect to that portion of the underpayment due to negligence or intentional disregard of rules or regulations and for the period beginning on the last day prescribed by law for payment of the underpayment. Petitioners bear the burden of proof on this issue. Enoch v. Commissioner,57 T.C. 781, 802 (1972); Rule 142(a). Mr. Layden, a police lieutenant, testified that he has been paying taxes since he was a teenager. Petitioners introduced no evidence showing that their underpayment was not due to negligence or intentional disregard of rules and regulations. We conclude that petitioners' underpayment of tax was due to negligence or intentional disregard of rules and regulations. Accordingly, we sustain respondent's determination with respect to the additions to tax under section 6653(a)(1). We also conclude, for purposes of the addition to tax under section 6653(a)(2) [6], that all of petitioners' underpayment for 1981 was attributable to negligence or intentional disregard of rules and regulations. Finally, we must consider whether *267 petitioners are liable for damages pursuant to section 6673. Section 6673 provides that the court may award damages to the United States of up to $5,000 whenever it appears that the proceedings have been instituted or maintained primarily for delay or that the taxpayers' position is frivolous or groundless. The instant case falls squarely within this statute. Many cases based on substantially similar facts have been unsuccessfully litigated before this Court. See, e.g., Davis v. Commissioner,81 T.C. 806 (1983), appeal filed (9th Cir. June 25, 1984); Miedaner v. Commissioner,81 T.C. 272 (1983); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Petitioners were aware of this, yet they persisted in litigating their case. Petitioners have abused the process of this Court and wasted its resources and those of respondent. Therefore, we award damages to the United States under section 6673 in the amount of $5,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. ↩
2. Section 6653(a)(2), is effective for taxes the last date prescribed for payment of which is after December 31, 1981. This section provides: There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601-- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). Because neither assessment nor payment of the tax has occurred in this case, the period described in section 6653(a)(2)(B) has not yet closed, and therefore, the amount of the addition to tax under section 6653(a)(2) for 1981 cannot be determined at this time.↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Petitioners submitted receipts from the local congregation signed by Mrs. Layden in an attempt to substantiate their contributions. However, Mrs. Layden was not called as a witness and the receipts were not admitted into evidence under the rule against hearsay. Davis v. Commissioner,81 T.C. 806↩ (1983), appeal filed (9th Cir. June 25, 1984).
5. On September 4, 1984, the Internal Revenue Service revoked its prior determination that the Universal Life Church, Inc. was a qualified organization under section 170(c)(2). Announcement 84-90, 1984-36 I.R.B. 32↩.
6. Section 6653(a)(2) is applicable only to the underpayment for 1981. See note 2, supra.↩