JAMES W. CONLOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Conlow v. Commissioner
Docket No. 18548-83.
United States Tax Court
T.C. Memo 1985-430; 1985 Tax Ct. Memo LEXIS 197; 50 T.C.M. (CCH) 832; T.C.M. (RIA) 85430; August 19, 1985. Terrence W. Andrews, for the petitioner. Debra A. Bowe,Steven J. Mopsick, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined the following deficiencies and additions to tax against James W. Conlow (hereinafter "petitioner") for his tax years 1979, 1980 and 1981: Additions to tax
Tax year ended
Deficiency
Section 6653(a) [1]
12/31/79
$4,612
$231
12/31/80
4,808
240
12/31/81
11,902
595
*198 The issues for decision are: (1) Whether petitioner is entitled to deductions for amounts allegedly contributed to the Universal Life Church; (2) whether any part of the underpayment of tax for each of the three years was due to negligence or intentional disregard of the rules and regulations; and (3) whether petitioner is liable for damages under section 6673. FINDINGS OF FACT [2]
Petitioner resided in California at the time his petition was filed. On his Federal income for returns for the years in issue petitioner claimed deductions for the following amounts as charitable contributions: Year
Amount
1979
$13,624.59
1980
14,690.00
1981
26,008.05
*199 The 1981 return specified that the claimed contributions were made to "Universal Life Church." Respondent disallowed the deductions in their entirety. [3]
At all times here pertinent, petitioner was employed as a carpenter. Petitioner attended but did not graduate from high school. During the summer of 1979, petitioner sought to become a minister in the Universal Life Church of Modesto, California (hereinafter "ULC/Modesto"). ULC/Modesto held tax-exempt status during the years in issue, but such status was revoked on September 4, 1984. [4] To become a minister in ULC/Modesto, an applicant was required to pay a fee, but was not required to have any special training. On July 5, 1979, bank account number XXXX-4195 was opened at the Bank of America in the name of ULC/Modesto. Only petitioner and one Lucy D. Hagelberg had signature authority on the account, petitioner being described on the application as "pastor," and Hagelberg as "secretary." Subsequently, petitioner and Hagelberg caused the account to be retitled in the name of "the Universal Life *200 Church of Pacheco." At all times here pertinent, petitioner and Lucy D. Hagelberg lived together in a mobile home owned by Hagelberg and located at 249 Kaima Drive in Pacheco, California. Petitioner described his relationship with Hagelberg as being "good friends." OPINION According to petitioner, he became a minister in ULC/Modesto in June of 1979, and then paid the subject amounts as charitable donations during the years in issue to Lucy D. Hagelberg, a member of ULC/Modesto who was eligible to receive donations on its behalf, and who either deposited them in account number XXXX-4195, or in a vault located at her common residence with petitioner. Section 170 generally allows deductions for charitable contributions where the taxpayer can prove the following: (1) That the contributions were actually made; (2) that they were made to a qualified, tax-exempt organization; and (3) that no part of the net earnings of such organization inured to the taxpayer's personal benefit. Davis v. Commissioner,81 T.C. 806 (1983), on appeal (9th Cir. June 25, 1984); Miedaner v. Commissioner,81 T.C. 272 (1983). The burden of proving his entitlement to a *201 charitable deduction is on petitioner. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). In the instant case, petitioner has clearly failed to meet that burden. With the exception of his own testimony, there is no evidence whatsoever to show that petitioner was ever a minister in ULC/Modesto or any organization chartered thereby. There is also no evidence to substantiate his claim that he received a charter from ULC/Modesto to conduct a ministry in that church. No documentary evidence was presented to corroborate petitioner's claim that Hagelberg was authorized to receive and/or disburse funds on behalf of ULC/Moidesto. Apart from the self-serving testimony of petitioner and his good friend, Hagelberg, there is no competent evidence to prove that petitioner ever made any portion of the payments here in issue. [5] Furthermore, even assuming that the payments were made, there is no evidence to show that they were made to a qualified, tax-exempt organization, [6] or any credible evidence to show that they did not inure to petitioner's personal benefit. *202 Nor did the petitioner's testimony provide a credible basis upon which to fill any of the foregoing gaps in his proof. When shown an exhibit consisting of the July 12, 1979, statement for account number 1954-4195 and bearing the name "Universal Life Church of Pacheco," and asked why the account had been changed from the name of ULC/Modesto, petitioner replied that: "We were told by the church that that was an incorrect way of doing that. And, we subsequently changed it." In subsequent testimony, petitioner twice flatly denied the existence of any "Universal Life Church of Pacheco." Petitioner further testified that a check drawn on account number 1954-4195 to "Jim's Custom Guns" was payment for ammunition, used for "teaching some of the younger people in the church * * * firearms safety * * * on one of our outings," and that numerous other checks drawn on such account were similarly used to pay for recreational youth outings. When asked by his own counsel whether there were ever any outings where "just the adults participate," however, petitioner responded: "Oh, yes. Yes. Just -- virtually all of them." Petitioner claimed that he had performed three to four weddings, eight *203 to ten baptisms and three funerals during the years in issue, yet he could not remember the name of a single party involved in such alleged events. Petitioner testified that the church owned several automobiles, a boat and a motorcycle, and that checks were written on account number 1954-4195 for expenses relative to such vehicles. In no instance, however, did petitioner produce a registration or other documentary evidence to substantiate the church's ownership of any such vehicles. Petitioner testified that the church provided him with certain health insurance benefits, and that checks were written on account number 1954-4195 for such benefits. Petitioner failed to produce any evidence to corroborate the existence of any such health plan. Finally, petitioner testified that in every instance when Hagelberg made a payment on behalf of the church she would keep a receipt or record thereof, but petitioner failed to submit a single such receipt or record at trial. In short, petitioner's testimony was improbable, inconsistent and wholly incredible and his proof fell far short of meeting the elements necessary to sustain the deductions in issue. We therefore hold for respondent on *204 the first issue. The second issue for decision is whether petitioner is liable for additions to tax under section 6653(a). Petitioner has the burden of showing that he is not liable for the additions to tax for negligence. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). In this case, petitioner introduced no evidence to show that he exercised due care in preparing his tax returns for the years in issue or that he did not intentionally disregard the rules and regulations. We therefore sustain respondent's determinations on this second issue. The third issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it has been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, involving attempts by taxpayers to use the "pretext of *205 a church to avoid paying their fair share of taxes, * * * [and to] resort to the courts in a shameless attempt to vindicate themselves." Miedaner v. Commissioner,supra at 282. [7] Petitioner in this case has abused the processes of this Court and wasted its resources. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that petitioner's position is both frivolous and groundless, and we accordingly award damages to the United States under section 6673 in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. As noted by respondent, petitioner's counsel failed in several significant respects to meet the requirements of Rule 151(e) in filing his briefs in this matter, including his failure to enumerate proposed findings of fact as required by Rule 151(e)(3). Since petitioner's counsel likewise failed to file any objections to respondent's proposed findings, we assume that he had no such objections. In the future, we admonish petitioner's counsel to adhere to our Rules of Practice and Procedure in matters before this Court.↩
3. The disallowed amounts were rounded to the nearest dollar.↩
4. Announcement 84-90, 1984-36 I.R.B. 32↩.
5. Petitioner submitted alleged receipts from "The Universal Life Church, Inc.," signed by "L. D. Hagelberg," in an attempt to substantiate the payments in issue. However, the receipts were not admitted into evidence under the rule against hearsay. Cf. Davis v. Commissioner,81 T.C. 806, 814-815↩ (1983), appeal filed (9th Cir., June 25, 1984).
6. Even if petitioner did receive a charter from ULC/Modesto, it is clear that the tax-exempt status held by that organization during the years in issue did not extend to organizations which may have been chartered by it. Davis v. Commissioner,supra↩ at 815.
7. See also Layden v. Commissioner,T.C. Memo. 1985-372; Dummler v. Commissioner,T.C. Memo. 1985-224; Witherow v. Commissioner,T.C. Memo. 1985-223; Rager v. Commissioner,T.C. Memo. 1984-563↩, on appeal (9th Cir. November 13, 1984).