**Raymond V. TOBLER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–1366.

United States Court of Veterans Appeals.

Submitted Sept. 26, 1991.

Decided Dec. 6, 1991.

As Amended Dec. 11, 1991.

Ronald L. Smith, Washington, D.C. and Edward J. Kowalczyk (non-attorney practitioner) were on the pleadings, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Peter Michael Donawick, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

ORDER

PER CURIAM.

On October 28, 1991, this Court filed a decision in this case granting appellant's motion for summary reversal of the May 16, 1991, decision of the Board of Veterans' Appeals (BVA) and remanding the matter because the BVA had expressly refrained from considering the application of a decision of this Court in *Fugere v. Derwinski*, 1 Vet.App. 103 (1990), *appeal filed* (Fed. Cir. April 4, 1991).

On November 12, 1991, the Secretary of Veterans Affairs filed appellee's motion for reconsideration or, in the alternative, for review *en banc*. The basis of the Secretary's motion was that, in the Secretary's view, the Court's October 28, 1991, decision "involved a significant error of law". Motion at 1.

On consideration of the foregoing, it is

ORDERED that appellee's motion for reconsideration is granted; it is further

ORDERED that appellee's alternative motion for review *en banc* is denied as moot; and it is further

ORDERED that the decision of this Court in this case dated October 28, 1991,

is hereby vacated by the Court, *sua sponte*, and replaced by a decision filed this date.

## On Appellant's Motion for Suspension of the Rules and for Summary Reversal

Before FARLEY, MANKIN, and IVERS, Associate Judges.

FARLEY, Associate Judge:

We are presented with an issue of first impression: whether the Secretary and the Department of Veterans Affairs (VA), including the Board of Veterans' Appeals (Board or BVA), are bound to consider and, if applicable, follow a decision of this Court in the adjudication and resolution of other claims when the decision is the subject of an appeal to the United States Court of Appeals for the Federal Circuit or the Supreme Court. The overwhelming weight of authority compels an affirmative answer. Accordingly, the appellant's motion for summary reversal will be granted, and the BVA decision of May 16, 1991, reversed and remanded, because the BVA expressly refrained from considering the decision of this Court in *Fugere v. Derwinski*, 1 Vet. App. 103 (1990), *appeal filed* (Fed.Cir. April 4, 1991).

## I.

On August 13, 1991, appellant filed a Notice of Appeal. On the same date, appellant filed a motion for suspension of the rules and for summary reversal (Appellant's Motion) of a May 16, 1991, BVA decision which denied him an increased rating for bilateral defective hearing. Copies of the May 16, 1991, BVA decision, a VA General Counsel memorandum dated April 29, 1991, and VA Circular 21–91–11 dated June 20, 1991, were attached to the motion for summary reversal. Appellant argued that summary reversal was warranted because the Board, in keeping with the direction of the VA General Counsel, expressly refused to consider and follow a decision of this Court, a practice which appellant characterized as "reprehensible non-acquiescence". Appellant's Motion at 2.

The Court granted the Secretary's motion for leave to file an opposition to appel-

lant's motions out of time, and on September 16, 1991, the Secretary filed appellee's response in opposition to motion for suspension of the rules and motion for summary reversal (Appellee's Response). The Secretary does not take issue with the existence or the authenticity of the attachments to appellant's motion. Rather, the Secretary argues that reversal would not be appropriate at this time because a record on appeal had been neither designated nor filed and the Court lacks information on any "administrative actions taken by the VA regional office, the procedural and adjudicative actions taken throughout the processing of appellant's claim and the arguments made before the BVA." Appellee's Response at 2. Such a record, the Secretary opined, might provide a basis for distinguishing this appeal from *Fugere*. *Id.* Finally, the Secretary concluded that:

> the BVA's purported "non-acquiescence" in the Court's opinion in *Fugere v. Derwinski, supra,* is a weighty matter which may have broad implications. It is an important issue of first impression in this Court and therefore should be fully briefed by the parties. However, the Appellant's motions would preempt the thoughtful consideration warranted for this issue.

Appellee's Response at 2–3. No reason was given for the statement that the motions presently before the Court somehow "preempt the thoughtful consideration" of this "important issue of first impression". Moreover, there was no explanation for the Secretary's refusal to respond to appellant's argument, to counter the legal authority submitted by the appellant, or to submit a substantive brief with respect to this "weighty matter".

In a decision filed on October 28, 1991, this Court granted appellant's motion for summary reversal of the BVA decision of May 16, 1991, and remanded the matter because the BVA had explicitly refrained from considering the decision of this Court in *Fugere*. On November 12, 1991, the Secretary filed a motion for reconsideration or, in the alternative, for review *en banc*, arguing that the October 28, 1991, decision

"involved a significant error of law". Appellee's Motion for Reconsideration at 1. The Court continues to take a dim view of the practice of "[a]dvancing different arguments at successive stages of the appellate process" because it "does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation." *Fugere*, 1 Vet.App. at 105. However, under the circumstances, the Court deems it appropriate here, as in *Fugere*, "to give due consideration to the positions belatedly raised by the Secretary." *Id.* Accordingly, by an order dated December 6, 1991, this panel granted the Secretary's motion for reconsideration and vacated the decision of October 28, 1991. This decision is issued in its stead.

## II.

This Court was created in 1988 by the Veterans' Judicial Review Act (Pub.L. No. 100–687, § 301, 102 Stat. 4105, 4113 (1988) (VJRA). When originally enacted, the VJRA provided that a decision issued by a single judge or a panel of judges did not become "the decision of the Court" until the expiration of a 30–day waiting period. 38 U.S.C. § 7267(d) (formerly § 4067(d)). With the repeal of § 7267(d) earlier this year (Pub.L. 102–82, § 1, 105 Stat. 375 (Aug. 6, 1991)), single judge decisions and panel decisions become decisions of the Court on the date they are issued. The present dispute between the parties concerns the precedential impact of such decisions of the Court on other cases.

The Secretary took the position that appellant's motion for reversal was premature due to the absence of a record on appeal. In so doing, however, the Secretary missed the point of appellant's argument and supporting authority. This appeal may well turn out to be distinguishable factually from *Fugere* but that is an issue which must be resolved in the first instance not by this Court but by the Board. The problem raised by appellant is one of law, not of fact. Appellant challenges the Board's prophylactic refusal to consider a precedential decision of this

Court and to determine whether or not that decision is applicable to his case.

Even though the Secretary initially refused to take a position on the merits of the issue before this Court, there can be no question that the Board was aware of a potentially controlling decision of this Court and that it consciously refused to consider that decision in adjudicating appellant's claim. In its decision of May 16, 1991, the Board specifically stated:

> The accredited representative cites a [C]ourt of Veterans Appeals decision, *Fugere v. Derwinski*, U.S.Vet.App. No. 89–72 (October 16, 1990), in support of the assertion that the procedures were not proper for reducing the veteran's disability evaluation for service-connected hearing loss. The question of whether a compensable evaluation for defective hearing, in effect prior to December 18, 1987, may be reduced on the basis of revised rating criteria is the subject of a decision of the Court of Veterans Appeals. *This matter has not been resolved and may warrant additional action by the VA. To the extent that this question affects the current claim, it will not be considered by the Board at this time and is referred to the originating agency for any further action, if necessary.*

*Raymond v. Tobler*, BVA 91–30348, at 2 (May 16, 1991) (emphasis added). In the section of the decision headed "DISCUSSION AND EVALUATION", the Board continued:

> Moreover, [Office of General Counsel] Precedent Opinion 66–90, 55 Fed.Reg. 41301 (1990) held that a "provision that purports to protect disability evaluations assigned under superseded regulations on defective hearing is neither legally appropriate nor binding upon the Board of Veterans' Appeals." *The Fugere case cited by the appellant has been appealed by the Secretary, and the Board remains bound by the precedent opinion cited above,* which effectively validates the rating reductions which occurred af-

ter the VA hearing loss rating criteria were changed in 1987.

*Id.* at 5 (emphasis added).

The Board's position was consistent with the legal advice proffered by the VA General Counsel. In a memorandum dated April 29, 1991, he gave the following advice to the Chairman of the Board of Veterans' Appeals on the subject of *"Fugere v. Derwinski"*:

> In light of the foregoing we believe that while this appeal is pending, both *BVA and the Veterans Benefits Administration (VBA) should continue to decide cases involving hearing loss without regard to COVA's decision in the Fugere case.*

General Counsel's Memorandum of April 29, 1991 (emphasis added). This advice was incorporated into VA Circular 21–91–11, dated June 20, 1991, which provided, in pertinent part, as follows:

> ▆ b. In Fugere v. Derwinski (12/27/90), the Court of Veterans Appeals (COVA) reversed the M21–1 change 475 (nonprotection of prior hearing loss evaluations) directive. However, the COVA determination has not become final because VA filed an appeal with the United States Court of Appeals.
>
> 3. *The VA General Counsel recently ruled that while the appeal is pending, both BVA and VBA should continue to decide cases involving hearing loss without regard to COVA's decision in the Fugere case.*

VA Circular 21–91–11, June 20, 1991 (emphasis added).

### III.

The Secretary's refusal to submit a substantive brief in opposition to appellant's motion for reversal and in support of the VA General Counsel's legal conclusion, which the Board relied upon and which served as the basis for the policy announced in VA Circular 21–91–11, is inexcusable, but it is, perhaps, understandable. Simply put, this Court can find no legal authority to support the General Counsel's conclusion. To the contrary, virtually every court which has considered the issue has categorically rejected the view advanced by the General Counsel and held that while an appeal of a decision does suspend the finality of any judgment with respect to the parties to that case until the appeal is resolved, the decision, and any legal interpretations, conclusions, or rulings contained therein are the law of the jurisdiction from the date of the decision unless or until overturned.

In a case which presented the identical issue, the Third Circuit concluded:

> A decision by this court, not overruled by the United States Supreme Court, is a decision of the court of last resort.... Thus our judgments ... are binding on all inferior courts and litigants in the Third Circuit, and also on administrative agencies when they deal with matters pertaining thereto.

*Allegheny Gen. Hosp. v. NLRB,* 608 F.2d 965, 970 (3d Cir.1979). The principle involved is "fundamental" and arises from the very essence of the separation of powers doctrine and the nature of judicial review:

> In 1803, Chief Justice John Marshall, speaking for a unanimous Court, concisely stated the fundamental principle on which we rely: "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each." *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). Thus, it is in this court by virtue of its responsibility as the statutory court of review of NLRB orders that Congress has vested a superior power for the interpretation of the congressional mandate. Congress has not given to the NLRB the power or authority to disagree, respectfully or otherwise, with decisions of this court.

*Id.*

Congress has made the United States Court of Veterans Appeals the national "statutory court of review" (*id.*) of decisions on veterans' benefits by the Secre-

tary and the Department of Veterans Affairs. In so doing, it has "vested a superior power for the interpretation of the congressional mandate" (*id.*) by authorizing and directing this Court to "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary." 38 U.S.C. § 7261(a)(1) (formerly § 4061(a)(1)). The VA has limited authority to appeal a decision of this Court to the United States Court of Appeals for the Federal Circuit and to the Supreme Court (38 U.S.C. § 7292 (formerly § 4092)), but Congress did not give the VA the "power or authority to disagree, respectfully or otherwise, with decisions of this court". *Allegheny Gen. Hosp.*, 608 F.2d at 970.

The Second Circuit was also called upon to address the issue, and we join in its legal conclusions as well as its description of the choices open to an agency which disagrees with a controlling conclusion of law:

> Of course, we do not expect the Board or any other litigant to rejoice in all the opinions of this Court. When it disagrees in a particular case, it should seek review in the Supreme Court. During the interim before it has sought review or while review is still pending, it would be reasonable for the Board to stay its proceedings in another case that arguably falls within the precedent of the first one. However, the Board cannot, as it did here, choose to ignore the decision as if it had no force or effect. Absent reversal, that decision is the law which the Board must follow. The Board cites no contrary authority except its own consistent practice of refusing to follow the law of the circuit unless it coincides with the Board's views. This is intolerable if the rule of law is to prevail.

*Ithaca College v. NLRB*, 623 F.2d 224, 228 (2d Cir.1980), *cert. denied*, 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980); *see also Allegheny Gen. Hosp.*, 608 F.2d at 970 (for the agency to act on its own view of the law, as the General Counsel advised here, and to reject a controlling interpretation by a court of competent jurisdiction is "to operate outside the law"); *Hillhouse v.*

*Harris*, 547 F.Supp. 88, 93 (W.D.Ark.1982) (Cabinet Officers and their agencies must adhere to judicial interpretations of the law: "This statement is equally applicable to the relationship between administrative agencies and lower federal courts."), *aff'd*, 715 F.2d 428 (8th Cir.1983); *Robinson v. United States*, 272 F.2d 554 (D.C.Cir.1959) (commenting on the effects of an earlier decision then on appeal to the Supreme Court on future cases, the court held: "It is of course obvious that a reversal of that case before our decision here would require us to dismiss this appeal for lack of jurisdiction. This Court's Robinson ruling is the law of this jurisdiction, however, unless and until the Supreme Court reverses it."); *Ziffrin v. United States*, 318 U.S. 73, 78, 63 S.Ct. 465, 469, 87 L.Ed. 621 (1943) ("[A] change of law pending an administrative hearing must be followed in relation to permits for future acts. Otherwise the administrative body would issue orders contrary to the existing legislation."); *BPS Guard Services, Inc., v. NLRB*, 942 F.2d 519, 523 (8th Cir.1991) ("An agency's decision to refuse to follow controlling precedent hardly can be characterized as an exercise of discretion.").

## IV.

The Secretary's motion for reconsideration is premised upon the argument that this Court's decision of October 28, 1991, "involved a significant error of law" because it failed to take into account 38 U.S.C. § 7291 (formerly § 4091), which is entitled "Date when United States Court of Veterans Appeals decision becomes final". Section 7291 determines the rights of the parties to a specific case in the event the Federal Circuit or the Supreme Court affirms, reverses, or modifies a decision of this Court in that particular case. The Secretary argues that § 7291 somehow excuses the Secretary, the Board, and the Regional Offices from having to consider and apply a precedential decision of this Court in other cases until the time to appeal that decision has run or until an appeal is resolved by the United States Court of Appeals for the Federal Circuit or the

Supreme Court. Suggesting that we should be guided by the operation of 26 U.S.C. § 7481, which contains language identical to 38 U.S.C. § 7291 and governs the finality of the decisions of the United States Tax Court, the Secretary cites nine cases involving Tax Court decisions for the proposition that "[t]he courts have unanimously interpreted § 7481 (and its predecessor) to mean that a decision of the Tax Court becomes final only when it has become unalterable or the courts no longer possess the power to reopen the matter." Appellee's Motion for Reconsideration at 6.

The Secretary's argument ignores the determinative distinction between the finality of a court's decision in a particular case with respect to the parties to that case and the precedential effect of such a decision with respect to other claims, cases, and appeals. 38 U.S.C. § 7291 and 26 U.S.C. § 7481 deal with the former; the issue presented by this appeal is the latter. There is nothing to be gained by repeating the string of citations offered by the Secretary because none—not one—of the cases is on point. Each of the cases deals with the issue of when a Tax Court decision in a case becomes final and binding on the parties to that case; none discuss the issue presently before this Court: when a decision of a court must be considered and applied in other claims, cases, and appeals.

Nevertheless, there indeed are Tax Court cases on point and they make it clear that the decisions of the Tax Court, like those of this Court and the courts cited in part III, are precedential and binding on the lower courts and administrative agencies from the moment they are issued. *See Gordon v. Commissioner*, 47 T.C.M. 989, 990 (1984) ("The facts of this case are substantially similar to the facts in our recent opinion in *Crook v. Commissioner* [Dec. 39,811], 80 T.C. 27 (1983), appeal filed (5th Cir. September 20, 1983).... Our opinion in *Crook* governs here."); *Ridder v. Commissioner*, 76 T.C. 867, 870–71 (1981) ("the facts and issues presented ... are virtually identical to those in *Briggs v. Commissioner*, 75 T.C. 465 (1980), appeal filed (9th Cir., Feb. 11, 1981).... We adhere to our position in *Briggs* for the reasons stated therein,

which we incorporate by this reference."); *Davis v. Commissioner*, 74 T.C. 881, 907 (1980) ("The facts and legal question presented herein are indistinguishable from those in *Estate of Henry v. Commissioner*, 69 T.C. 665 (1978), appeal filed (6th Cir., May 5, 1978). We continue to adhere to our position in *Henry....*"), *aff'd*, 746 F.2d 357 (6th Cir.1984). *See also Baker v. Commissioner*, 60 T.C.M. (CCH) 1443 (1990); *Moudy v. Commissioner*, 57 T.C.M. (CCH) 327 (1989); *Libby v. Commissioner*, 52 T.C.M. (CCH) 230 (1986); *Conlow v. Commissioner*, 50 T.C.M. (CCH) 832 (1985); *Layden v. Commissioner*, 50 T.C.M. (CCH) 527 (1985); *Taylor v. Commissioner*, 50 T.C.M. (CCH) 313 (1985); *Booker v. Commissioner*, 49 T.C.M. (CCH) 854 (1985); *Fritschle v. Commissioner*, 79 T.C. 152 (1982); *Policemen's Benevolent Ass'n of Westchester County, Inc. v. Commissioner*, 42 T.C.M. (CCH) 1750 (1981); *Jack's Maintenance Contractors, Inc. v. Commissioner*, 42 T.C.M. (CCH) 330 (1981); *Ruwe v. Commissioner*, 41 T.C.M. (CCH) 1458 (1981); *Trowbridge v. Commissioner*, 41 T.C.M. (CCH) 1302 (1981); *Hershey Foods Corp. v. Commissioner*, 76 T.C. 312 (1981); *People of God Community v. Commissioner*, 75 T.C. 127 (1980).

This view of Tax Court precedents has been acknowledged by the courts of appeals without disapproval or rebuke. *See, e.g., Spalding v. Commissioner*, 537 F.2d 666 (2d Cir.1976). It is interesting to note that in *Lawrence v. Commissioner*, 27 T.C. 713 (1957), *rev'd*, 258 F.2d 562 (9th Cir. 1958), the Tax Court had adopted the view, not unlike that advanced by the Secretary here, that it was not bound to follow the law of an individual court of appeals, and that "it should follow its own honest beliefs until the Supreme Court decides the point ... [and that] it should decide all cases as it thought right" (footnote omitted). *Id.* However, that "oft-criticized" view was expressly overruled in *Golsen v. Commissioner*, 54 T.C. 742 (1970), *aff'd*, 445 F.2d 985 (10th Cir.1971), *cert. denied*, 404 U.S. 940, 92 S.Ct. 284, 30 L.Ed.2d 254 (1971), which went on to hold that a Tax Court decision *reversed* by the Court of Appeals

of a particular circuit is still binding precedent in all other circuits: "it is our best judgment that better judicial administration. [sic] requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone" (footnotes omitted). *Golsen,* 54 T.C. at 757.

The Tax Court is not the only Article I court to hold that its decisions on appeal are binding precedent unless and until they are overturned. The United States Claims Court also relies on its own opinions as precedent in other cases while they are on appeal to the United States Court of Appeals for the Federal Circuit. *See, e.g., Miles Farm Supply, Inc. v. United States,* 14 Cl.Ct. 753 (1988); *Beneficial Found., Inc. v. United States,* 8 Cl.Ct. 639 (1985); *Jarboe–Lackey Feedlots, Inc. v. United States,* 7 Cl.Ct. 329 (1985); *Florida Nat'l Bank of Miami v. United States,* 5 Cl.Ct. 396 (1984).

In sum, the Secretary's Motion for Reconsideration did not provide any basis for changing our original decision. Rather, the suggestion that we be guided by the experience of the United States Tax Court and 26 U.S.C. § 7481 only confirmed our legal analysis and conclusion. Even if 38 U.S.C. § 7291 were to be read in the broadest possible manner, there is simply no way it could be construed to permit the VA to "act on its own view of the law . . . and to reject a controlling interpretation by a court of competent jurisdiction. . . ." *Hillhouse,* 547 F.Supp. at 93.

### V.

We hold that a decision of this Court, unless or until overturned by this Court *en banc,* the United States Court of Appeals for the Federal Circuit, or the Supreme Court, is a decision of the Court on the date it is issued; any rulings, interpretations, or conclusions of law contained in such a decision are authoritative and binding as of the date the decision is issued and are to be considered and, when applicable, are to be followed by VA agencies of original juris-diction, the Board of Veterans' Appeals, and the Secretary in adjudicating and resolving claims.

By its own admission, the Board of Veterans' Appeals was apprised of this Court's December 27, 1990, decision in *Fugere v. Derwinski,* but the Board expressly refused to consider the potential applicability of that decision in adjudicating appellant's claim. The refusal to consider the applicability of a controlling precedent of this Court constitutes error as a matter of law. Accordingly, the May 16, 1991, decision of the BVA is REVERSED and, pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)), the matter is REMANDED to the Board of Veterans' Appeals. The Board is directed to consider and follow as appropriate the precedential decisions of this Court in the readjudication of appellant's claim.

*It is so Ordered.*