KASOLD, Judge,
concurring in part and dissenting in part:
I fully concur in the analysis and conclusion of the Court that 38 U.S.C. § 7107(a) prohibits, except in limited circumstances, the staying of cases on appeal to the Board, by either the Secretary or the Board Chairman, absent properly promulgated regulations — regulations that are not extant at this time.[6] I also note that the section 7107(a) requirement to process cases on appeal to the Board in regular order, without advancing or postponing cases except in limited circumstances, is only one reflection of congressional intent that cases at the Board be timely processed. Indeed, there are numerous statutory provisions echoing this intent.
For example, section 7101(a) mandates that the Board be composed of “such number of members” as necessary to dispose of cases “in a timely manner.” 38 U.S.C. § 7101(a). Section 5109B requires expeditious processing of eases on remand from the Board, and section 7112 requires expe *562 ditious processing of cases on remand from the Court. See 38 U.S.C. §§ 5109B, 7112. Thus, with regard to cases at the Board, Congress has repeatedly tipped the balance toward timely processing.
I must, however, disagree with the majority’s opinion that the Secretary was legally required to adhere to the self-described holding in Ramsey v. Nicholson, 20 Vet.App. 16, 38 (2006), that he lacked the authority to stay cases at the RO and the Board. See ante p. 554 note 2. Although I obviously agree with the statement in Ramsey that the Secretary does not have authority to stay cases at the Board pending an appeal of one of our decisions,[7] the fact remains that the decision in Ramsey denied the petition for extraordinary relief based upon a determination that the Court lacked the authority to stay the effect of the Court’s decision in Smith v. Nicholson, 19 Vet.App. 63, rev’d, 451 F.3d 1344 (Fed.Cir.2006), petition for cert. filed, 75 U.S.L.W. 3122 (U.S. Sept. 26, 2006) (No. 06-400), because that case was then on appeal to the Federal Circuit. The discussion in Ramsey about the authority of the Secretary to stay the processing of cases at the RO or the Board was therefore neither essential to nor a basis for the Court’s disposition. Accordingly, it was dicta and not binding. See BlaCK’s Law Dictionary 465 (7th ed.1999) (defining “judicial dicta” as “opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision”); see also Henry v. Indep. Am. Sav. Ass’n, 857 F.2d 995, 1006 (5th Cir.1988) (Higginbotham, J., concurring) (attempt by Court to establish a procedure unnecessary to the ultimate outcome of the case is pure dicta).[8] It is axiomatic that, until the Court renders a binding holding on an otherwise unresolved point of law, the Secretary cannot be deemed nonresponsive or disrespectful to the Court with regard to that point, and the Court properly rejects the petitioner’s request that we sanction the Secretary.
Although the Secretary is responsible for the “control, direction, and management” of the department, 38 U.S.C. § 303, such management must be consistent with the law and interpretations of the law as issued by the judicial system, see 38 U.S.C. § 7262; Butts v. Brown, 5 Vet.App. 532, 539 (1993) (en banc) (Court determines questions of law de novo); Tobler v. Derwinski, 2 Vet.App. at 11 (decision of Court binding until and unless overturned). Our en banc decision today is clear: The Secretary currently does not have the authority to stay the processing of claims at the Board pending an appeal of a decision of the Court. To the extent Tobler indicates *563 otherwise, it is overruled. See Tobler, 2 Vet.App. at 14 (Court sitting en banc or a superior tribunal may overrule a prior panel decision). Our decision today may be appealed, but in the absence of a stay as to its effect, it will be the law unless and until overturned. See Suozzi v. Brown, 10 Vet.App. 307, 311 (1997) (“VA is bound to follow the controlling precedential decisions of this Court....”); Tobler, 2 Vet. App. at 14.

. Although the Secretary has the authority to issue regulations, that authority is not open-ended and must be consistent with law, as well as necessary and appropriate to carry out the laws. See 38 U.S.C. § 501; see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); Terry v. Princi-pi, 340 F.3d 1378, 1383 (Fed.Cir.2003). Whether or not regulations authorizing the Board or the Secretary to stay cases pending an appeal of a decision by this Court or pending legislation, or for other reasons, would be deemed necessary, appropriate, and consistent with law is an issue not now before us.

. Although I agree that the Secretary does not have the authority to stay cases at the Board, as the Court holds today, I note that section 7107(a), which is the basis for the Court’s decision today, has no application to cases that have not yet been appealed to the Board. See 38 U.S.C. § 7107(a) (part of chapter 71, entitled "Board of Veterans' Appeals”). Moreover, whether the Secretary has the authority to stay cases not yet at the Board is not now before us and not part of the Court's decision today.

. Although the Secretary correctly notes that the Ramsey statement regarding his authority to stay cases is in conflict with a contrary statement in an earlier panel decision, see Tobler v. Derwinski, 2 Vet.App. 8, 12 (1991) (during the interim between the Court’s decision and taking appeal, and while the appeal is pending, "it would be reasonable for the Board to stay its proceedings in another case that arguably falls within the precedent of the first one”) (quoting Ithaca Coll. v. NLRB, 623 F.2d 224, 228 (2d Cir.1980)), and that Ramsey therefore was not binding pursuant to Bethea v. Derwinski, 2 Vet.App. 252, 255 (1992) (subsequent panel may not render decision materially in conflict with earlier panel decision), he fails to recognize that the Tobler statement upon which he relies was itself dicta and not binding.