*Decision will be entered for the respondent.*

WILLIAM H. CROOK AND ELEANOR B. CROOK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18704–80.     Filed January 10, 1983.

*Gerald W. Ostarch*, for the petitioners.
*Ana G. Cummings*, for the respondent.

OPINION

FAY, *Judge*: Respondent determined the following deficiencies in petitioners' Federal income tax:

---

| Year | Deficiency[1] |
|------|-----------|
| 1972 ................ | $4,163.00 |
| 1973 ................ | 1,316.30 |
| 1976 ................ | 10,594.73 |
| 1977 ................ | 180,567.00 |

After numerous concessions by petitioners, the only issue is whether certain income derived by petitioners as shareholders of three subchapter S corporations is "investment income" within the meaning of section 163(d)(3)(B),[2] thereby allowing petitioners a greater investment interest expense deduction.

All the facts have been stipulated and are found accordingly.

Petitioners William H. Crook and Eleanor B. Crook resided in San Marcos, Tex., at the time they filed their petition herein.

During relevant years, petitioners owned stock in three corporations which elected to be treated as small business corporations under section 1372. Each corporation derived all its income through the operation of an automobile dealership. None of these corporations held investments; thus, no items of investment interest, investment income, or investment expense as those terms are defined in section 163(d) were paid or accrued by these corporations.

During each of their taxable years 1974 through 1977, petitioners paid a substantial amount of investment interest as that term is defined in section 163(d).[3] In addition, petitioners were required to report in their individual gross income both actual distributions treated as dividends under section 316(a) and undistributed taxable income of the subchapter S corporations which is treated as dividend income under section 1373(b).

On their 1974 through 1977 Federal income tax returns, petitioners deducted amounts of investment interest expense

---

[1]The deficiencies for 1972 and 1973 relate to respondent's disallowance of net operating losses claimed on petitioners' 1974, 1975, and 1976 Federal income tax returns. Respondent was allowed to amend his answer to assert an increased deficiency in 1976 to reflect petitioners' understatement of $11,500 in income in 1976. Petitioners do not contest this adjustment.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.

[3]Unless expressly stated as an item of interest, the term "investment interest" as used in this opinion is an item of expense as defined in sec. 163(d)(3)(D).

paid in those years. In his notice of deficiency, respondent, pursuant to the limitation on investment interest under section 163(d), disallowed a portion of those deductions.

At issue is the proper characterization of the operating income of a subchapter S corporation, which is passed through to its shareholders, for purposes of determining the limitation of investment interest allowable as a deduction under section 163(d). If such income qualifies as "investment income" to the shareholders under section 163(d)(3)(B), then petitioners are allowed a greater investment interest deduction. Respondent contends income at the corporate level retains its character at the shareholder level. Since none of the subchapter S corporations had investment income, respondent concludes petitioners derived no investment income for purposes of the section 163(d) limitation. Petitioners contend such operating income of the corporation does not retain its character at the shareholder level, but rather, constitutes investment income to the shareholder in the form of dividends. For the following reasons, we agree with petitioner.

Section 163(a) allows a deduction for all interest paid on indebtedness. Section 163(d), enacted as part of the Tax Reform Act of 1969,[4] limits an individual taxpayer's deduction for interest paid solely for investment purposes. As noted in the House report:

Where the interest expense exceeds the taxpayer's investment income, it, in effect, is used to insulate other income from taxation. For example, a taxpayer may borrow substantial amounts to purchase stocks which have growth potential but which return small dividends currently. Despite the fact that the receipt of the income from the investment may be postponed * * * , the taxpayer will receive a current deduction for the interest expense even though it is substantially in excess of the income from the investment. [H. Rept. 91–413 (1969), 1969–3 C.B. 245.]

Thus, it was the mismatching of income and expenses that occurred when a taxpayer was allowed a current deduction for interest paid on funds borrowed solely for investment purposes

---

[4]Pub. L. 91–172, 83 Stat. 487.

and which produced little current income that Congress sought to rectify.[5]

In computing his investment interest deduction, a taxpayer is allowed to increase the limitation by the amount of his net investment income. Sec. 163(d)(1)(B). Such net investment income includes various items of a taxpayer's income from investments, one item of which is gross income from "dividends." Sec. 163(d)(3)(B)(i).[6] There is no question the included amounts at issue which were required to be included in petitioners' income are dividends under sections 316(a) and 1373(b). Nevertheless, respondent contends section 163(d)(4)(C) attributes the business character of the corporations' income to its shareholders and, in doing so, overrides sections 316(a) and 1373(b). Thus, respondent claims such income is not investment income to the shareholders for purposes of the section 163(d) limitation. We disagree.

Section 163(d)(4)(C) provides:

(C) SHAREHOLDERS OF ELECTING SMALL BUSINESS CORPORATIONS.—In the case of an electing small business corporation (as defined in section 1371(b)), the investment interest paid or accrued by such corporation and other items of income and expense which would be taken into account if this subsection applied to such corporation shall, under regulations prescribed by the Secretary, be treated as investment interest paid or accrued by the shareholders of such corporation and as items of such shareholders, and shall be apportioned pro rata among such shareholders in a manner consistent with section 1374(c)(1).[7]

Thus, any investment interest paid by a subchapter S corporation is attributed to its shareholders. In addition, other items of income and expense of the corporation are attributed to its shareholders. The statute makes it clear that those "other items" are items of investment income and investment expenses (those terms being defined in sections 163(d)(3)(B) and 163(d)(3)(C), respectively) of the subchapter S corporation

---

[5]The investment interest limitation under sec. 163(d) is not strictly speaking a disallowance section. Any disallowed interest is merely suspended and allowed to be carried over to future years. See sec. 163(d)(2).

[6]An individual taxpayer's investment income is limited to the extent such income is "not derived from the conduct of a trade or business." See flush language of sec. 163(d)(3)(B). There is no question petitioners did not conduct the automobile dealership in their individual capacity. Rather, that business was conducted by the subch. S corporation.

[7]No regulations were ever promulgated pursuant to the statutory authority granted under sec. 163(d)(4)(C).

which would have entered into the computation of the investment interest limitation of section 163(d) had such limitation applied to the subchapter S corporation. In other words, any item of income or expense directly connected with an investment of the subchapter S corporation retains its investment character in the hands of the shareholders for purposes of determining the shareholders' section 163(d) limitation. Since the subchapter S corporations at issue herein paid or accrued no items of investment interest, investment income, or investment expense, section 163(d)(4)(C) simply does not apply to these facts. The statute does not purport to attribute the character of the operating income of the corporation to its shareholders; nor does it purport to limit or to provide the exclusive means by which a shareholder may receive investment income from a subchapter S corporation. The section merely attributes the character of such a corporation's investment items to its shareholders.[8]

Our holding that section 163(d)(4)(C) does not attribute the character of all types of a subchapter S corporation's income to its shareholders does not render that section a nullity, as respondent contends. One of the prime reasons for electing subchapter S status is to allow expected losses to pass through to the shareholders. Since items of income, deduction, or credit generally are not separately stated in the shareholders'

---

[8]The decision in *Kocurek v. United States*, 628 F.2d 906 (5th Cir. 1980), does not support respondent's position. In *Kocurek*, it was held that a "capital gain dividend" under sec. 852(b)(3)(C) to shareholders of a regulated investment company (a mutual fund) cannot be treated as a dividend for purposes of increasing the sec. 163(d) limitation. The case is readily distinguishable. Under the law then in effect, either a "capital gain" under sec. 163(d)(1)(C) or a "dividend" under sec. 163(d)(1)(B) had the effect of permitting a taxpayer to increase his investment interest deduction. However, if the income were characterized as a capital gain, such capital gain was taxed at ordinary rates to the extent it increased the sec. 163(d) limitation. Sec. 163(d)(5). The taxpayers argued the "capital gain dividend" should be treated as a dividend under sec. 163(d)(1)(B). Thus, the taxpayers sought to be taxed at capital gain rates and at the same time sought to increase their investment interest. The Fifth Circuit Court of Appeals disagreed with the taxpayers and held such income was not a dividend under sec. 163(d)(1)(B). Thus, since such capital gain was used to increase their investment interest limitation, the taxpayers were taxed at ordinary rates on such capital gain.

The decision in *Kocurek* is based on sec. 852(b)(3)(B) which expressly provides that such capital gain dividends of a regulated investment company are to be treated as capital gains of the shareholders. Thus, in *Kocurek*, there was specific statutory authority which attributed the character of the capital gain to the shareholders whereas in the case before us, there is no similar authority which attributes the operating income of a subch. S corporation to its shareholders.

returns, losses of a subchapter S corporation are passed through as a bottom-line net operating loss deduction to its shareholders. Moreover, this net operating loss deduction is considered a deduction attributable to a trade or business carried on by the shareholders. Sec. 1374(b). Thus, without section 163(d)(4)(C), any investment interest of a subchapter S corporation that was reflected in a net operating loss would lose its investment character in the hands of its shareholders, thereby allowing taxpayers to escape the limitation. The statute requires that the corporation's investment interest, along with other items of investment income and expenses, be carved out and entered into the computation of the shareholder's individual section 163(d) limitation.[9] Thus, section 163(d)(4)(C) effectively eliminates the right of a shareholder to convert investment interest of a subchapter S corporation into a net operating loss which is not subject to the limitation.

Respondent argues that the limitation easily can be avoided by operating a trade or business in the form of a subchapter S corporation which would generate investment income in the form of "dividends." In essence, respondent urges this Court to import judicial gloss on the applicable statutory provisions in order to find that dividends under sections 316(a) and 1373(b) are not dividends for purposes of section 163(d). For the following reasons, we decline to do so.

That the included amounts are dividends could not be made more explicit by the Code. Secs. 316(a) and 1373(b). Moreover, when Congress has desired that dividends from a subchapter S corporation (including dividends under sec. 1373(b)) should not be treated as dividends for certain purposes, Congress has expressly provided for such exceptions. See sec. 1375(b).[10] No similar exception was provided for purposes of the section

---

[9]In what little legislative history is available under sec. 163(d)(4)(C) (see note 12 *infra*), reference is made precisely to this situation—a net operating loss of a subchapter S corporation.

"[For purposes of applying the limitation to subch. S corporations], the net operating loss deduction allowed to shareholders * * * would be considered to consist of interest subject to the limitation to the extent this type of interest was deducted by the corporation. [H. Rept. 91–413 (1969), 1969–3 C.B. 246.]"

[10]Sec. 1375(b) provides that amounts includable in the gross income of a shareholder as dividends from a subch. S corporation shall not be considered dividends for purposes of computing the retirement income credit under sec. 37 or for purposes of the dividend exclusion under sec. 116. It also excluded subch. S corporation dividends from the dividends-

163(d) limitation. We also note respondent has consistently treated subchapter S corporation dividends under sections 316(a) and 1373(b) as dividends for other purposes.[11]

We recognize that by escaping tax at the corporate level, the income at issue is not dividend income in the traditional sense of being distributions out of income already taxed once at the corporate level. Nevertheless, the Code treats such income as dividends. While we certainly do not subscribe to the inflexible view that a "dividend" is necessarily a "dividend" for all purposes, we are unwilling to ascribe a different meaning to that term for purposes of the section 163(d) limitation. Only upon a showing of clear congressional intent to the contrary or other compelling reasons will we consider deviating from clear statutory language.[12]

The separate existence of corporations is firmly established under the tax law (*Moline Properties, Inc. v. Commissioner*, 319 U.S. 436 (1943)), and this Court has recognized that the business of a subchapter S corporation is separate and distinct from that of its shareholders. *Buono v. Commissioner*, 74 T.C. 187 (1980); *Howell v. Commissioner*, 57 T.C. 546 (1972). Our holding that the operating income of a subchapter S corporation is not to be attributed as such to its shareholders is wholly

---

received credit of sec. 34. When sec. 34 was repealed for taxable years after 1964, sec. 1375(b) was then amended to delete such reference.

[11]See sec. 1.1348–3(a)(1)(i), Income Tax Regs. (such dividends do not qualify for the 50-percent maximum tax since they constitute passive investment income); Rev. Rul. 76–141, 1976–1 C.B. 381 (such dividends from a wholly owned subch. S corporation engaged exclusively in the business of farming do not constitute income from farming since they are dividends. Thus, the shareholders were denied the extended time in which to file declarations of estimated income tax generally accorded farmers under sec. 6073(b)); Rev. Rul. 66–327, 1966–2 C.B. 357 (such dividends are not income derived from a shareholder's trade or business for purposes of computing a net operating loss under sec. 172(c)); Rev. Rul. 59–221, 1959–1 C.B. 225 (such dividends do not constitute net earnings from self-employment for purposes of the self-employment tax). But compare sec. 1.57–2(b)(4), Proposed Income Tax Regs., 35 Fed. Reg. 19766–19768 (Dec. 30, 1970) (such dividends are not investment income except to the extent of the shareholder's proportionate share of the corporation's net investment income in excess of investment interest for purposes of the minimum tax when excess investment interest was an item of tax preference).

[12]There is very little legislative history concerning the sec. 163(d) limitation as it applies to subch. S corporations. Originally, the House proposed to apply the limitation at both the corporate and shareholder levels. H. Rept. 91–413 (1969), 1969–3 C.B. 246. The Senate report simply did not address the 163(d) limitation. S. Rept. 91–552 (1969), 1969–3 C.B. 423–644. The Conference report rejected the House proposal to apply the limitation at the level of the subch. S corporation. Thus, the limitation applies only at the shareholder level. Conf. Rept. 91–782 (1969), 1969–3 C.B. 658.

consistent with these decisions. Whatever merit there is to respondent's contention, the applicable statutory law during the years in issue simply does not support his position.[13] Accordingly, we hold the included amounts are dividends within the meaning of section 163(d)(3)(B)(i); therefore, petitioners are entitled to treat such dividends as investment income for purposes of the limitation on the investment interest deduction under section 163(d).[14]

To reflect concessions,

*Decision will be entered under Rule 155.*

---

[13]Under the Subchapter S Revision Act of 1982 (1982 Act), Pub. L. 97–354, 96 Stat. 1669, signed by the President on Oct. 19, 1982, and generally effective for tax years beginning after Dec. 31, 1982, the tax treatment of subch. S corporations underwent a major overhaul. Under prior law, a subch. S corporation was not treated as a conduit. Generally, the only item that retained its character in the hands of the shareholders was the excess of net long-term capital gain over net short-term capital loss. Under the 1982 Act, an S corporation (officially designated as such by the 1982 Act) is treated as a conduit much like a partnership. Items of income, deduction, or credit, and their character are now passed through to the shareholders. See sec. 2 of the 1982 Act, new sec. 1366 of the Internal Revenue Code of 1954. Thus, under the 1982 Act, operating income of the S corporation would retain its character in the hands of the shareholders and, presumably, would not qualify as investment income for sec. 163(d) purposes. Congressional action, however, taken in 1982 does not change the result of this case.

Since a special provision was no longer needed to attribute the character of investment items of a subch. S corporation to its shareholders, sec. 163(d)(4)(C) was repealed by the 1982 Act. See sec. 5(a)(18), 96 Stat. 1693.

[14]Our holding applies to both actual distributions and undistributed amounts which are treated as dividends. No part of the included amounts at issue constitutes salary or compensation to petitioners.