T.C. Summary Opinion 2002-22


UNITED STATES TAX COURT


DAVID D. BRAYSHAW & NORA D. BRAYSHAW, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3264-00S.                    Filed March 22, 2002.


David D. Brayshaw and Nora D. Brayshaw, pro sese.

<u>Peter C. Rock</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $21,149 and an accuracy-related penalty of $4,229.80 for the taxable year 1996.

The issues for decision are: (1) Whether petitioners are entitled to various business expense deductions disallowed by respondent, or to any itemized deductions in lieu thereof, and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Sausalito, California, on the date the petition was filed in this case.

Petitioner husband (Mr. Brayshaw) has a background in mathematics and physics as well as corporate law. During the year in issue, he was involved in several business activities. First, he was engaged in the development of computer software which would predict water currents in the San Francisco Bay area. In connection with this activity, he periodically took

---

[1]Adjustments to self employment income tax and the deduction therefor are computational and will be resolved by the Court's holding on the issues in this case.

measurements on the bay throughout the year using a yacht petitioners had owned since approximately 1984. Mr. Brayshaw began selling this software in early 1997.

In addition, Mr. Brayshaw prior to 1996 had formed a corporation named First Draft Legal System, Inc. (FDLS). This corporation was engaged in the sale of a computer software program which automated the creation of legal documents. A separate bank account was maintained in the corporation's name. For taxable year 1996, a Federal income tax return was filed for FDLS. This return reported $57,553 in income, $825 in cost of goods sold, and $55,500 in salaries, leaving $1,228 in taxable income. Mr. Brayshaw was an employee and/or an independent contractor of FDLS. Finally, Mr. Brayshaw was engaged in "database work" which was unrelated to either of his other business activities.

Prior to 1996, petitioner wife (Ms. Brayshaw) conducted a medical consultation business. By 1996, however, she had ceased operating this business.

Petitioners filed two Schedules C, Profit or Loss from Business, with their joint Federal income tax return for taxable year 1996. The first was filed for an alleged business activity of Ms. Brayshaw, the second was for the business activities of Mr. Brayshaw. In the statutory notice of deficiency, respondent disallowed all of the expenses claimed on each Schedule C,

including the returns and allowances and the expenses for business use of the home.  Respondent did not adjust the income reported on either schedule.

Ms. Brayshaw's Schedule C

The first Schedule C listed Ms. Brayshaw as the proprietor of a business engaged in medical consultation.  This schedule listed the following amounts:

| | | |
|---|---|---|
| Gross receipts | | $11,400 |
| Expenses | | |
| Car and truck | $2,018 | |
| Depreciation and section 179 expense | 2,248 | |
| Mortgage interest | 5,100 | |
| Legal and professional services | 45 | |
| Office | 418 | |
| Repairs and maintenance | 80 | |
| Supplies | 150 | |
| Taxes and licenses | 810 | |
| Total expenses | | (10,869) |
| Net profit | | 531 |

Petitioners have conceded that this schedule should not have been filed because Ms. Brayshaw had ceased conducting the medical consultation business by 1996.  Allegedly, the gross receipts listed on the Schedule C are amounts which represented lease payments made by Mr. Brayshaw to Ms. Brayshaw for use of a vehicle held by petitioners as community property (a Jeep Grand Cherokee), and the expenses are related thereto.[2]

In light of petitioners' concession, we sustain respondent's disallowance of all the deductions claimed with respect to this

---

[2]It is unclear how the mortgage interest, office expenses, and legal and professional services relate to the rental of a Jeep Grand Cherokee.

schedule. However, because the corresponding deduction on Mr. Brayshaw's Schedule C has also been disallowed, respondent's determination must be adjusted to reflect the fact that Ms. Brayshaw never received the income reported on her Schedule C.

Mr. Brayshaw's Schedule C

The second Schedule C listed Mr. Brayshaw as the proprietor of a business engaged in software development. This schedule listed the following amounts:

| | | |
|---|---|---|
| Gross receipts | | $63,050 |
| Returns and allowances | | (4,928) |
| Expenses | | |
|     Advertising | $1,639 | |
|     Car and truck | 1,170 | |
|     Mortgage interest | 1,771 | |
|     Legal and professional services | 225 | |
|     Office | 2,522 | |
|     Rent/lease - vehicles, machinery, equipment | 13,450 | |
|     Rent/lease - other business property | 195 | |
|     Repairs and maintenance | 2,055 | |
|     Supplies | 11,722 | |
|     Taxes and licenses | 478 | |
|     Travel | 2,697 | |
|     Utilities | 3,043 | |
|     Total expenses | | (40,967) |
| Expenses for business use of home | | (16,196) |
| Net profit | | 959 |

At trial, petitioners effectively abandoned the amounts listed on this schedule, instead relying on stipulations and evidence to establish the proper amounts of their deductions. This one Schedule C is purported to represent the income and expenses of all three business activities of Mr. Brayshaw.

Mr. Brayshaw's business activities are rather complex. He has organized a corporation to conduct one business activity, and he is involved in three other separate and distinct businesses,

one as an employee and/or independent contractor for the above-mentioned corporation, one as an independent software developer, and one as a "database consultant". Despite this, petitioners have basically come to this Court with a pile of receipts and stipulated amounts, arguing that the various expenses should be deductible. They made little effort to prepare this case with respondent prior to the calendar call. There are no contemporaneous records, such as accounting ledgers, which differentiate the expenses among the various business activities, and the corporate checking account was used for purposes of the other business activities as well as for the corporation. Nonetheless, despite the disarray of the record, because we are convinced that Mr. Brayshaw was engaged in the business activities and that he incurred expenses in connection therewith, we address each of the broad categories of expenses in turn.

"Returns and allowances" and advertising expenses

In conducting the business of FDLS, Mr. Brayshaw was assisted by another individual, Seth G. Rowland. The corporation's bank account was used to pay Mr. Rowland $518 on October 24, 1996, and $4,410.02 on February 6, 1997. Petitioners argue that these amounts are deductible. On petitioners' return, the amounts were listed as "returns and allowances" because petitioners did not know how else to classify them. After Mr. Brayshaw's testimony, it remains unclear exactly what portion of

these amounts was for reimbursement for expenses incurred by Mr. Rowland and what portion was for compensation for services rendered.

Mr. Brayshaw, with the assistance of Mr. Rowland, produced several advertisements for the corporation. The corporation's bank account was used to pay $1,031.92 for the production of a brochure and $625 for a magazine advertisement. Petitioners argue that these amounts are deductible as advertising expenses.

A corporation formed for legitimate business purposes is an entity separate from its shareholders. Moline Properties, Inc. v. Commissioner, 319 U.S. 436 (1943). Furthermore, the business of a corporation is separate and distinct from the business of its shareholders. Id.; Deputy v. du Pont, 308 U.S. 488, 494 (1940); Crook v. Commissioner, 80 T.C. 27, 33 (1983), affd. without published opinion 747 F.2d 1463 (5th Cir. 1984). Consequently, a shareholder is not entitled to a deduction for the payment of corporate expenses. Deputy v. du Pont, supra; Hewett v. Commissioner, 47 T.C. 483 (1967).

We find that both the advertising expenses and the amounts paid to Mr. Rowland were expenses of the corporation, not Mr. Brayshaw's expenses.[3] Not only were the expenses paid with funds

---

[3]Furthermore, the bulk of the amount paid to Mr. Rowland was paid in 1997, after the year in issue. Petitioners argue that the corporation was using the accrual method of accounting and had become obligated to make the payment in 1996. The relevance
(continued...)

from the corporate bank account, they were clearly for the business of the corporation. Petitioners argue that Mr. Brayshaw is an independent contractor of the corporation, and that the expenses paid were all taken into account in the amount of "salary" the corporation paid him and which he reported on the Schedule C. With the record before us, there is no manner in which we could trace the various funds from the corporation and/or through its bank account to determine if Mr. Brayshaw did in fact report as income the amounts he used to pay the corporation's expenses.[4] In any case, respondent has not challenged the amount of Mr. Brayshaw's income from the corporation and, regardless of the source of the funds, Mr. Brayshaw is not entitled to deduct expenses of the corporation on his individual income tax return. See Deputy v. du Pont, supra; Hewett v. Commissioner, supra.

Automobile-related expenses

Petitioners owned at least three automobiles during the year in issue: A 1969 Mercedes, a 1972 Mercedes, and a 1995 Jeep Grand Cherokee. Petitioners argue that the Jeep--which was acquired in October 1994--was used solely for business purposes,

---

[3](...continued)
of this argument is unclear, but petitioners' assertion of it supports our finding that these were corporate expenses.

[4]We note that Mr. Brayshaw was a corporate lawyer for several years and thus presumably should be familiar with the concept of the separate legal entity of a corporation.

and that numerous expenses related to the Jeep--including registration, insurance, interest, gas, repairs, maintenance, and depreciation--are deductible.

A taxpayer generally must maintain records sufficient to establish the amounts of the items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable (1) for traveling expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property. Listed property includes passenger automobiles and other property used as a means of transportation, and

computers and peripheral equipment. Sec. 280F(d)(4). To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

In order to substantiate the amount of expenses for listed property, a taxpayer must establish the amount of business use and the amount of total use for such property. Sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985). With respect to the use of automobiles, in order to establish the amount of an expense the taxpayer must establish the amount of business mileage and the amount of total mileage for which the automobile was used. Sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The taxpayer may substantiate the amount of mileage by adequate records or by sufficient evidence corroborating his own statement. Sec. 274(d). A record of the mileage made at or near the time the automobile was used, supported by documentary evidence, has a high degree of credibility not present with a subsequently prepared statement. Sec. 1.274-5T(c)(1), (2), and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

We do not accept Mr. Brayshaw's testimony that the Jeep was used exclusively for business purposes. We find it highly

improbable that petitioners, as per the testimony, bought the Jeep solely for business use and subsequently completely segregated their personal and business lives such that they never overlapped in driving it. In the absence of any contemporaneously maintained records to show petitioners' actual business and personal use of the Jeep, we hold that they are not entitled to deduct any of the automobile-related expenses. See sec. 274(d).

Boat-related expenses

During the year in issue, petitioners owned a 34-foot yacht which they had purchased in approximately 1984, as well as a 26-foot sail boat. Mr. Brayshaw used the yacht to take measurements on the San Francisco Bay for use in the development of the computer software. Petitioners argue that numerous expenses incurred in connection with this yacht are deductible.

Respondent, in his trial memorandum, argues that "the development of the * * * boating software is a separate enterprise from petitioner's [primary] occupation and as such the related expenses are currently non-deductible."

Ordinary and necessary business expenses generally are deductible in the taxable year in which they are paid. Sec. 162(a). Expenses incurred prior to the commencement of a business activity, however, are start-up expenditures which generally must be amortized and are not currently deductible.

Sec. 195(a). An exception to this general rule is made in the case of research and experimental expenses, which may be currently deductible under section 174(a) even before the advent of an active trade or business. Sec. 195(c); Snow v. Commissioner, 416 U.S. 500 (1974).

We find that the majority of the expenses incurred in connection with the yacht are not deductible expenses, but rather are nondeductible personal expenses. See sec. 262(a). Mr. Brayshaw's research essentially entailed using the boat to drift around the bay while taking measurements using global positioning equipment. It is doubtful that the use of a 34-foot yacht was necessary in making these measurements. More importantly, however, we do not accept petitioners' assertion that they used the yacht exclusively for business purposes during the entire year, never deriving any personal use therefrom. In the absence of any contemporaneous substantiation of both the research and personal use of the boat, we hold that the interest paid in connection with the yacht (presumably for a purchase money loan), the cost of insuring the yacht, the cost of the yacht's usual berth, and the costs of repairing and maintaining the yacht are not deductible. See sec. 274(d). Likewise, without addressing petitioners' attempt to establish a basis in the yacht, petitioners are not entitled to depreciation deductions for the yacht. See id.

Mr. Brayshaw did incur some expenses which we find to be deductible.  In addition to the yacht's normal berth, Mr. Brayshaw paid duplicative expenses in order to berth the yacht at locations nearer to where he was required to take measurements. We hold that petitioners are entitled to deduct under section 174(a) the following research and experimental expenses:

| | |
|---|---|
| Boat slip rental (check no. 1092) | $440 |
| Boat slip key (check no. 1065) | 60 |
| Boat slip key (check no. 1096) | 20 |
| Boat slip rental (check no. 3031) | 340 |
| | 860 |

Finally, we come to miscellaneous items which petitioners classified as being boat-related.  First, we hold that a $99.58 wristwatch purchased by Mr. Brayshaw is not a deductible expense: We find that this was primarily a personal expense, despite the watch's occasional use in taking measurements of currents.  We likewise hold that the "various boat supplies", "boating literature", and sealant for the boat are also personal expenses, because there is little or no connection between the expenses and Mr. Brayshaw's research.  Furthermore, many of these expenses could have been incurred in connection with petitioners' sail boat, rather than the yacht.

Computer-related expenses

Petitioners, both in their individual capacities and on behalf of FDLS, purchased a variety of computer and computer-related equipment during 1996, including a zip drive, a monitor, a desktop computer, a facsimile machine, modems, and software.

Petitioners argue that the expenses incurred in making these purchases are deductible under section 179.

A taxpayer may elect to expense, rather than capitalize, certain property used in a trade or business.  Sec. 179(a), (c). The election must be made on the taxpayer's first income tax return for the taxable year to which the election applies.  Sec. 179(c)(1)(B); sec. 1.179-5(a), Income Tax Regs.  Petitioners did not elect to expense the computer equipment on their 1996 return. Therefore, they are not entitled to a deduction for the equipment under section 179.  Furthermore, we find that petitioners are not entitled to any other deduction for the equipment because petitioners have not substantiated the business versus personal usage of the computer equipment, as required under section 274(d), discussed supra.  For the same reason, petitioners are not entitled to deductions for the rental of a scan converter and other computer equipment, or for their subscription to Compuserve online service.  See sec. 274(d).

Travel expenses and professional licenses

Mr. Brayshaw testified that he incurred numerous deductible expenses in business-related travel.  He provided receipts as substantiation.  The receipts, standing alone, do not provide the level of substantiation which is required under section 274(d). However, Mr. Brayshaw was able to explain certain of the receipts at trial in great enough detail to provide adequate

substantiation.  These expenses were incurred in connection with
the business of FDLS.  Because respondent apparently has not
challenged Mr. Brayshaw's claim that they were incurred in
connection with his role as an independent contractor--rather
than an employee--of FDLS, we hold that petitioners may deduct
the following substantiated travel-related business expenses on
Mr. Brayshaw's Schedule C:

| | |
|---|---|
| United Airlines flight -- March 13 | $101.00 |
| Cab fare -- March 13 | 21.00 |
| Airport restaurant -- March 13 | 6.98* |
| Southwest Airlines flight -- March 20 | 161.00 |
| National car rental -- March 20 | 41.12 |
| Gas for rental car -- March 20 | 5.55 |
| Meal - March 20 | 5.66* |
| National car rental -- March 26 | 39.59 |
| United Airlines flight -- May 20 | 221.00 |
| Meal -- May 20 | 7.20* |
| United Airlines flight -- June 10 | 126.00 |
| National car rental -- June 10 | 29.22 |
| United Airlines flight -- September 27 | 131.00 |
| Magic car rental -- December 4 | 53.03 |
| National car rental -- December 16 | 40.91 |
| Gas for rental car -- December 16 | 3.09 |
| | 993.85 |

*Petitioners are entitled to deduct these amounts, after application
of the 50 percent limitation of section 274(n).

See sec. 162(a).  Petitioners are also entitled to deduct as a
Schedule C business expense the $90 petitioners paid for Mr.
Brayshaw's American Physical Society dues.  See id.  However, Mr.
Brayshaw's California State Bar dues are not deductible.  As
discussed supra, because we cannot trace the source or treatment
of these funds, we find that this was not an expense paid by
petitioners which is deductible by them.  See Deputy v. du Pont,
308 U.S. 488, 494 (1940); Hewett v. Commissioner, 47 T.C. 483
(1967).

Miscellaneous expenses

Petitioners argued at trial that numerous miscellaneous expenses are deductible. These expenses include rentals of post office boxes, postage, shipping expense, copying expense, a New York Times newspaper subscription, business cards, office supplies, hardware, telephone lines, and telephone calls. Some of these items, in particular the newspaper subscription and certain of the telephone lines, are personal expenses and are nondeductible under section 262(a). With respect to the remaining items, either no business purpose is evident, the expenses were paid with corporate funds, or they were hybrid corporate/non-corporate/personal expenses which we could not disentangle. We therefore hold that petitioners are not entitled to a deduction for any of these expenses.

Home office expenses

Petitioners argue that various expenses related to their residence are deductible due to business use of a portion thereof. These expenses include depreciation, gas, electricity, water, sewer, refuse, repairs, property tax, condominium fees, and mortgage interest.

Deductions for expenses attributable to a taxpayer's business use of his home are disallowed unless they fit within the exceptions enumerated in section 280A. Sec. 280A(a). The exception applicable to the case at hand is the following: A

deduction may be allowed to the extent that the item is allocable to a portion of the home which is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business. Sec. 280A(c)(1)(A).

Petitioners argue that 43 percent of their residence was used exclusively for business purposes; we find that 12.7 percent of the residence was so used. We reject petitioners' argument that portions of the middle and bottom floors and the garage were used exclusively for business: Certain areas purportedly were set up for use by Ms. Brayshaw, who was not engaged in her medical business in the year in issue. Other areas contained inherently personal items, such as a fireplace and sofas, or were for storage which was not necessarily related to Mr. Brayshaw's businesses. Finally, we have found that the Jeep was not used exclusively for business purposes; consequently, the garage in which it was stored likewise was not so used. On the other hand, we accept Mr. Brayshaw's testimony-corroborated by photographs-- that portions of the top floor were used exclusively as his principal place of business with respect to his several businesses. We therefore find that 228.75 square feet, of the total 1,804.32 square feet, were used exclusively and regularly as Mr. Brayshaw's principal place of business. Petitioners are entitled to deductions for the applicable percentage of the following substantiated expenses which were paid by petitioners:

| Gas and electricity | $653.63 |
|---|---|
| Water and sewer | 213.33 |
| Refuse | 193.20 |
| Condominium fee | 3,016.26 |
| Property taxes | 2,345.42 |
| Mortgage interest | 19,865.32 |
| | 26,287.16 |

We do not accept petitioners' assertions concerning depreciation of the residence. As for the repair expenses (for plumbing and a broken window), we hold based on the record before us that they are not sufficiently related to the business use of the property for any portion to be deductible.

Itemized Deductions

Finally, petitioners argue that they are entitled to various itemized deductions in lieu of the disallowed business expense deductions. We agree with respect to certain of these expenses: Petitioners are entitled to deduct the portions of the mortgage interest and property taxes which they paid and which are not allocable to Mr. Brayshaw's business, as discussed supra. See secs. 163(a) and (h), 164(a).

Negligence Penalty

Respondent determined that petitioners are liable for a penalty under section 6662(a) with respect to the underpayment resulting from the total amount of the deficiency.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). "Negligence" includes any failure to make a

reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners failed to keep adequate books and records reflecting the income and expenses of Mr. Brayshaw's businesses and failed to properly substantiate the majority of the numerous and varied items reported on their return. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Furthermore, petitioners' effort to assess their proper tax liability falls short of what would be consistent with reasonable cause and good faith. See sec. 1.6664-4(b)(1), Income Tax Regs. We hold that the record supports respondent's determination of negligence in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.