Bruce E. LANE, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 98–650.

United States Court of Veterans Appeals.

Oct. 15, 1998.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

**ORDER**

PER CURIAM:

The Chairman of the Board of Veterans' Appeals (BVA or Board), in a February 19, 1998, denial of reconsideration of a July 21, 1997, decision of the BVA, recognized that the appellant had filed a timely claim that the July 1997 decision was the product of clear and unmistakable error (CUE) under the Revision of Veterans' Benefits Decisions Based on Clear and Unmistakable Error Act (1997 CUE Act). Pub.L. No. 105–111, 111 Stat. 2271 (November 21, 1997) (codified at 38 §§ 5109A, 7111, 7251). The Chairman also stated, however, that:

> The Board is engaged in promulgating regulations necessary to carry out the provisions of Pub.L. No. 105–111 and has decided to defer determinations on all requests for revision of prior BVA decisions on the grounds of CUE until these regulations have been finalized. When final regulations become effective, the Board will begin to adjudicate these requests. At that time, the Board will review your request for revision of a prior BVA decision on the grounds of CUE.

In his June 24, 1998, Response to the Secretary's motion to dismiss this appeal, the appellant stated that he was seeking review of the Board's "failure to adjudicate [his] claim of [CUE] in the July 21, 1997, BVA decision." Appellant's Response at 8. Thus, the appellant specifically sought a decision *by* the Board on his CUE claim *to* the Board: "This veteran has been deprived of due process of law for 27 years, the least the Secretary could do for this veteran, whom they have so shamefully mistreated, [is] allow him a timely consideration of his claim of [CUE] in the July 21, 1997[,] BVA decision." *Id.* at 6.

■ The Court construed the appellant's response as a petition for a writ of mandamus, asking this Court to order the Board to issue a decision on his § 7111 CUE claim. Where VA fails or refuses to adjudicate a claim presented, the Court has the authority under the All Writs Act (AWA) to direct the Secretary to act on that claim. *See In the Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 371 (1997), *vacated on other grounds,* 149 F.3d 1360 (Fed.Cir.1998); *see In the Matter of Fee Agreement of Wick,* 40 F.3d 367, 373 (Fed.Cir.1994) (Court of Veterans Appeals has jurisdiction under AWA where it would otherwise "be prevented or frustrated from exercising its statutorily granted jurisdiction over a Board decision."); *see also* 38 U.S.C. § 7261(a)(2) ("[T]he Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall … com-

pel action of the Secretary unlawfully withheld or unreasonably delayed.").

In an August 31, 1998, Order, the Court observed:

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a Court may issue a writ, petitioners must demonstrate that: (1) they have a clear and indisputable right to the writ and (2) they lack adequate alternative means to obtain the relief they seek. *Erspamer v. Derwinski,* 1 Vet.App. 3, 9 (1990).

Here, the appellant, who has been the victim of fourteen years of neglect, has been left in suspension. The Chairman's February 1998 decision informed him that the Board had chosen to construe his motion for reconsideration as a claim of CUE in the prior Board decision, but then informed the appellant that his claim would not be adjudicated for some unspecified period of time. The Chairman did not discuss the status of the Board's pending regulations, nor did he offer the appellant any indication as to when a decision would be forthcoming. While comments on the proposed regulations were due to be received "on or before July 20, 1998" (63 Fed.Reg. 27535 (May 19, 1998)), the Secretary has offered no information to this Court as to the status of the Board's pending regulations, or when and if final regulations will be promulgated. Moreover, the Secretary did not address the 1997 CUE Act in his motion to dismiss, has not replied to the appellant's response, or requested permission to do so, and has offered no reason why adjudication of this acknowledged claim of CUE must await rulemaking. In light of the clear congressional intent of the 1997 CUE Act, the Court can find no justification on the record presently before it for the decision "to defer determinations on all requests for revision of prior BVA decisions on the grounds of CUE." *See* 38 U.S.C. § 7261(a)(2). Thus, the circumstances of this matter may present an "extraordinary situation" where the granting of a writ would be the only appropriate remedy.

The Court "ORDERED that within 30 days of the date of this order, the Secretary show cause why this Court should not issue a writ of mandamus, ordering the Board to issue a decision on the appellant's CUE claim without delay."

■ The Secretary's Response, which was timely filed on September 30, 1998, argues in essence that "the circumstances are not 'extraordinary' so as to justify the Court's exercise [sic] its All Writs Act power." Response at 6. If the Board were to adjudicate this appellant's claim, the argument continues, "before the issuance of final regulations, disparate treatment, in one form or another, would obtain vis-a-vis similarly-situated claimants." *Id.* at 4. In a Declaration attached to the Response, Acting Senior Deputy Vice Chairman of the BVA Steven L. Keller states that "implementing regulations are required for purposes of establishing filing and pleading requirements for the new CUE requests, as well as other administrative rules governing issues such as docketing and assignment of CUE requests, requests for hearings, and the submission of evidence." Declaration at 2. For these reasons, Mr. Keller and the Secretary conclude that the appellant simply "must await for a little while longer." *Id.* at 4; Response at 5. They assure the Court, however, that "[o]nce the regulations have been issued, Appellant's CUE claim will immediately be forwarded to a Board Member for adjudication." Declaration at 3; Response at 5.

The authority cited in both the Secretary's Response and the Keller Declaration for the adoption of a policy of deferral is the Secretary's general rule-making authority under 38 U.S.C. § 501(a) and the *legislative history* of 1997 CUE Act. Declaration at 2; Secretary's Response at 4. There is no question that the Secretary possesses the authority to promulgate rules and regulations, but § 501(a) does not confer unlimited time to do so. Moreover, the Secretary's reference to legislative history notwithstanding, the text of the 1997 CUE Act contains neither a command to promulgate rules nor authority for deferring decisions. Even the statement

in the House Report relied upon by the Secretary is silent on a policy of deferral of adjudication; it only notes that, given Court precedents, the Secretary "*could* adopt procedural rules" to lighten its burden which should be distinguished from the burden imposed upon veterans, particularly this appellant who has already incurred an inexcusable 14-year delay. Declaration at 2–3 (emphasis added). Congress clearly expressed disapproval of delay in adjudicating the claims of veterans in another analogous context in section 302 of the Veterans' Benefits Improvement Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note), which required the Secretary to provide for "expeditious treatment" for claims remanded by BVA or Court. In this respect, "courts must act to make certain that what can be done is done ... agency inaction can be as harmful as wrong action." *American Broadcasting Co. v. FCC,* 191 F.2d 492, 501 (D.C.Cir.1951) (court found "many possibilities for action" where FCC attempted to maintain status quo of contested frequency claim indefinitely pending outcome of clear channel proceedings); *see also Public Citizen Health Research Group v. Auchter,* 702 F.2d 1150, 1158 (D.C.Cir.1983). Courts can provide "a remedy against inaction." *American Broadcasting Co.,* 191 F.2d at 502.

It is, perhaps, of considerable significance that the Secretary has not advised the Court how many new claims have been or continue to be filed under the 1997 CUE Act. For all the Court knows from the submissions of the Secretary in this matter, this appellant's claim may be the only one. On the other hand, there could be thousands of such claims, and therein lies the seed of a problem of potentially great magnitude. Simply put, the longer it takes to promulgate regulations, the greater the number of claims and the greater the impact on already-existing backlogs at the BVA, the office of the counsel for the Secretary, and the Court. *See In re Proposed Amendment to Rule 26(b),* No. 98–425 (Apr. 24, 1998). While procedural rules could well be beneficial for the reasons articulated by Mr. Keller in paragraph 4 of his Declaration, a lack of urgency, an inexcusable delay in promulgating such rules, could adversely impact not only those veterans who filed claims under the 1997 CUE Act, but all veteran-claimants. In short, such factors must be considered in this Court's determinations as to whether there has been "action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2). If the ultimate answer is in the affirmative, a writ of mandamus will have to issue.

Accordingly, the Court will defer action on the appellant's petition for a writ of mandamus at this time. It is

ORDERED that no later than ninety days from the date of this order, the Secretary will supplement his September 30, 1998, Response. The supplemental response shall include, but not be limited to, the number of claims filed under the 1997 CUE Act, the current status of the rulemaking process, the steps available to or already taken by the Secretary to expedite the rulemaking process, and the anticipated date from which this appellant will no longer have to "await for a little while longer." It is further

ORDERED that the appellant, within 14 days of the filing of the Secretary's supplemental response, may file a reply. And it is further

ORDERED that, absent extraordinary circumstances, the Court will grant no extensions of time to file the supplemental response or reply.