SCHOELEN, Judge,
concurring in part and dissenting in part:
I fully agree with the Court’s conclusion that the Secretary does not have the au *40 thority to stay cases at the Board pending an appeal to the Federal Circuit of a prec-edential decision of this Court — in this case, our holding in Smith v. Nicholson, 19 Vet.App. 63 (2005). The effect of the Secretary’s and Board Chairman’s memoran-da at issue in this matter is to circumvent our holding in Tobler v. Derwinski, 2 Vet.App. 8 (1991), that
a decision of this Court, unless or until overturned by this Court en banc, the United States Court of Appeals for the Federal Circuit, or the Supreme Court, is a decision of the Court on the date it is issued; any rulings, interpretations, or conclusions of law contained in such a decision are authoritative and binding as of the date the decision is issued and are to be considered and, when applicable, are to be followed by VA agencies of original jurisdiction, the Board of Veterans’ Appeals, and the Secretary in adjudicating and resolving claims.
Id. at 14 (second and third emphases added). I further agree with the Court’s conclusion that, “where the Secretary desires to stay the effect of any decision from this Court pending appeal, the proper course is to file in the court that has jurisdiction over the particular case a motion to stay the effect of that case.” Ante at 38-39. I write separately, however, because I disagree with the Court’s interpretation of 38 U.S.C. § 7107, its implementing regulation, 38 C.F.R. § 20.900 (2005), and the Secretary’s general authority to stay cases pending before the Board.
I. INTERPRETATION OF 38 U.S.C. § 7107
The petitioners argue that 38 U.S.C. § 7107 prohibits the Secretary and the Board Chairman from imposing a stay on the petitioners’ appeals before the Board. Section 7107 requires the Board to “consider! ] and decide! ]” each appeal “in regular order according to its place upon the docket.” 38 U.S.C. § 7107(a)(1). This general rule is subject to six enumerated exceptions. A case may be advanced on the docket pursuant to section 7107(a)(2) for three reasons: (1) The case involves an interpretation of law of general application affecting other claims; (2) the appellant is seriously ill or under severe financial hardship; or (3) other sufficient cause shown. Section 7107(f) also provides for screening of cases (1) to determine the adequacy of the record or (2) to develop a record found to be inadequate. Section 7107 provides only one instance where the Board may delay consideration and decision of an appeal — “if such postponement is necessary to afford the appellant a hearing.” 38 U.S.C. § 7107(a)(3). It is undisputed that none of these exceptions apply to the petitioners’ appeals.
Section 7107 is silent regarding whether the Secretary may stay consideration of appeals pending the issuance of an interpretation of law that would affect those appeals — such as, in this case, a Federal Circuit decision either upholding or reversing our decision in Smith. The Secretary seeks a new exception to the general docket-number-order rule in section 7107 for instances when the Secretary disagrees with a precedential opinion of this Court, for the Secretary to seek review of that decision in the Federal Circuit. This exception has no basis in statute or in the Secretary’s own regulation interpreting that statute. See 38 U.S.C. § 7107; 38 C.F.R. § 20.900.
The Court reaches the conclusion that a literal application of the statute would yield an absurd result. Ante at 30-31. I generally agree that a literal reading of section 7107 to require that the Board decide cases in strict docket number order, e.g., 1, 2, 3, 4, ..., etc., would yield absurd results. However, a general rule of statutory construction provides that statutes *41 are to be read in a manner that avoids absurd results. See, e.g., Pub. Citizen v. United States Dep’t of Justice, 491 U.S. 440, 452-55, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (refusing to read the word “utilized” in a manner that would lead to an absurd interpretation of the Federal Advisory Committee Act, Pub.L. No. 92-463, 86 Stat. 770 (1972)); Thayer v. Principi, 15 Vet.App. 204, 210 (2001) (construing the provisions of 28 U.S.C. § 2412 in order to avoid reaching an absurd result); Faust v. West, 13 Vet.App. 342, 350 (2000) (reading 38 C.F.R. §§ 4.1, 4.2, and 4.10 together with 38 C.F.R. § 3.343 in order to avoid reaching an absurd result); Trilles v. West, 13 Vet.App. 314, 324 (2000) (en banc) (construing 38 U.S.C. § 6103(a) in order to avoid reaching an absurd result); 2A Nor-MAN J. SINGER, SUTHERLAND ON STATUTORY Construction § 46.07 (6th ed.2000) [hereinafter Sutherland], The petitioners stated at oral argument that they were not seeking such a literal reading that interprets section 7107 in a manner “ ‘demonstrably at odds with the intention of its drafters.’ ” Gardner v. Derwinski, 1 Vet.App. 584, 586-87, aff'd sub nom. Gardner v. Brown, 5 F.3d 1456 (Fed.Cir.1993), aff'd, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)); see 140 Cong. Rec. S4758 (1994) (statement of Sen. Rockefeller) (stating that “if the reality is that it takes months or years to resolve a claim, the individual claimant is not being afforded proper treatment. To force a veteran to wait for more than 2 years for a [Board] decision — after he or she has already waited over 200 days for a regional office decision on the original claim — is unconscionable.”).
Turning to the intent of Congress in drafting section 7107, it is Congress’s silence regarding whether appeals pending before the Board may be stayed that speaks volumes regarding Congress’s intent. The legal maxim “expressio unius est exclusio alterius” means “[t]he expression of one thing is the exclusion of another.” Blaok’s Law Dictionary 1635 (7th ed.1999); see Sutherland § 47.23. Because Congress (and the Secretary by regulation) provided specific, enumerated exceptions to the general docket-number-order rule in section 7107, I would conclude that Congress did not intend to provide any other exceptions that it did not expressly create. See, e.g., Cook v. Principi, 318 F.3d 1334, 1339 (Fed.Cir.2002) (en banc) (concluding that “Congress did not intend to allow exceptions to the rule of finality in addition to [those] that it expressly created” (citing, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993))).
Another applicable rule of statutory interpretation is that “[i]n attempting to apply a statute to a situation that was not intended by its drafters, the interpreting court should not rely on literalisms, technical constructions, or so-called formal rules of interpretation, but rather should rely on the breadth of objectives of the legislation and the common sense of the situation.” Sutherland § 46.02; see also Gardner, 1 Vet.App. at 587 (stating that the “ ‘absurd result’ exception to the plain meaning rule is, however, narrow and limited to situations ‘where it is quite impossible that Congress could have intended the result ... and where the alleged absurdity is so clear as to be obvious to most anyone.’ ” (quoting Pub. Citizen, 491 U.S. at 470-71, 109 S.Ct. 2558 (Kennedy, J., concurring))). Common sense in this case would dictate that Congress did not intend that the Board must issue its decisions in strict docket number order. Rather, the clear and unambiguous language in section 7107 states that the Board cannot expedite or *42 delay consideration and decision of an appeal (or, in this case, a group of appeals), except as authorized by section 7107.
A broad exception to the general docket-number-order rule in section 7107(a)(1) for staying appeals affected by a case pending in the Federal Circuit is at odds with the plain meaning of section 7107. Indeed, no veterans benefits statute or regulation supports the notion that claims can be stayed for some indefinite period rather than adjudicated as promptly as possible. However, the absurd result reached by reading section 7107 literally can be avoided merely by holding that the Board is not required to issue decisions in strict docket number order, but, for example, may issue a decision in docket number 16 before, but relatively contemporaneous with, a decision in docket number 15.[1] Hence, the broad exception to section 7107 that the Secretary suggests is in no way required to avoid the absurd result reached from a literal reading of the statute.
II. INTERPRETATION OF 38 C.F.R. § 20.900
The Secretary has issued a regulation, 38 C.F.R. § 20.900, implementing section 7107 and interpreting some of the language in section 7107. For example, § 20.900 provides that the phrase “other sufficient cause shown” in section 7107(a)(2)(c) includes the advanced age of the appellant. 38 C.F.R. § 20.900(c)(1). Yet, this regulation does not provide for an exception to the docket-number-order rule for issues decided in a precedential opinion of a Court with which the Secretary disagrees and which the Secretary appeals. See 38 C.F.R. § 20.900. Thus, applying the expressio unius principle to the Secretary’s own regulation yields the same result — the Secretary did not intend, in issuing § 20.900, to include an exception allowing appeals pending before the Board to be stayed pending an appeal of a precedential decision of a court.
Furthermore, although the Court holds that § 20.900 does not provide any more insight into the interpretation of section 7107, see ante at 35, I would respectfully disagree. At oral argument, the parties disputed the meaning of the phrase “considered and decided” in section 7107(a)(1). To the extent that there may be ambiguity in that phrase, and to the extent a literal reading of section 7107 yields an absurd result, I would hold that § 20.900 reasonably interprets the phrase “considered and decided” in section 7107(a)(1) in a manner that avoids an absurd result. See Gallegos v. Principi, 283 F.3d 1309, 1312 (Fed.Cir.2002) (holding that to the extent the “ ‘unambiguously expressed intent of Congress’ ” is not clear, VA may issue regulations “ ‘based on a permissible construction of that statute’ ” (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984))). The key difference between section 7107 and § 20.900 is that § 20.900(b) states that “appeals are considered in the order in which they are entered on the docket.” Section 7107 provides that appeals before the Board “shall be considered and decided in regular order.” I would hold that any potential absurd result reached by a literal interpretation of section 7107 is avoided by the Secretary’s interpretation of the phrase “considered and decided” as “considered.”[2] Compare 38 U.S.C. § 7107(a)(1) with 38 C.F.R. § 20.900(b).
*43 For example, some appeals involve more issues than others and in those appeals involving more issues, it will generally take more time for the particular veterans law judge assigned to an appeal to research, decide, and write a decision in an appeal. In addition, some issues are more complex than others, and more complex issues will generally take longer to resolve than simpler ones.[3] A final Board decision in an appeal may even be delayed for personal reasons of the veterans law judge, such as illness or annual leave. The Secretary’s interpretation of “considered and decided” as “considered” in § 20.900(b) reasonably allows for these situations and is a reasonable interpretation of section 7107 entitled to deference by a reviewing court. See Gallegos, 283 F.3d at 1312 (stating that the Court must defer to “VA’s reasonable interpretation of a statutory provision when the law ... leaves ‘a gap for an agency to fill,’ ” and the agency fills that gap with an “interpretive regulation ‘based upon a permissible construction of the statute.’ ” (quoting Chevron, 467 U.S. at 843, 104 S.Ct. 2778)). Thus, the Secretary’s interpretation of section 7107 in § 20.900 avoids any potential absurd result of a literal reading of section 7107.
III. CASES INVOLVING STAYS
The Secretary cites two prior instances where Board stays have been approved. First, in Lane v. West, 11 Vet.App. 506 (1998) (per curiam order), the Court considered whether to issue a writ of mandamus compelling the Board to issue a decision on the petitioner’s CUE claim. However, the circumstances in Lane can be distinguished from those of the instant case. The CUE motions stayed by the Board in Lane were stayed because there was no guidance implementing the 1997 CUE Act. See id. at 508. That is, there were no standards by which the Board could adjudicate a CUE claim until the Secretary could issue final rules implementing the 1997 CUE Act. In the petitioners’ cases, the issues are ripe for a Board decision. The Board has guidance on how to proceed. Our holding in Smith, supra, is presently binding on the Board and controls the interpretation of law involved in the petitioners’ claims. See Tobler, 2 Vet.App. at 14.
The Secretary also relies on the Federal Circuit’s decisions in National Organization of Veterans Advocates, Inc. v. Secretary of Veterans Affairs (NOVA v. Sec’y), 260 F.3d 1365 (Fed.Cir.2001) [hereinafter NOVA 7], and NOVA v. Sec’y, 314 F.3d *44 1373 (Fed.Cir.2003) [hereinafter NOVA II]. In NOVA I, the Federal Circuit directed VA to stay the processing of claims under 38 U.S.C. § 1318, pending an expedited rulemaking that would harmonize the provisions of two inconsistent regulations. NOVA I, 260 F.3d at 1380-81. However, there are also several distinctions between the instant case and NOVA I and II. First, it was the Federal Circuit — not the Secretary- — that imposed the stay of Board appeals in NOVA I. See id. at 1380. In this case, the Secretary has chosen to impose the stay. The Secretary has not attempted to seek a stay of appeals pending before the Board by filing an appropriate motion either in this Court or in the Federal Circuit. See, e.g., id. at 1380-81 (Federal Circuit ordering VA to stay all proceedings involving claims under section 1318 whose outcome depends on the regulations at issue). In NOVA I, the stay was determined to be necessary because VA had issued inconsistent and potentially invalid regulations that would hinder the Board in adjudicating the petitioners’ appeals. In this case, there is no inconsistency. The law is clear, but the Secretary disagrees with our holding in Smith, supra, and has appealed the decision. Thus, the circumstances present in this case are nothing like those in the NOVA cases.
I respectfully find the Court’s determination that 38 U.S.C. § 7101(a), combined with 38 U.S.C. §§ 501(a)(4) and 511 gives the Secretary inherent or implicit authority to stay cases to be overly broad. Instead, the impetus for limited stay authority in circumstances such as those present in the Lane and NOVA cases results from the inability of the Board to adjudicate those claims because of the lack of guidance on issues necessary to adjudicate those claims. In addition, section 7107 would not be implicated by the inability of the Board to adjudicate such cases because it would be absurd to read section 7107 to require the Board to adjudicate claims when it cannot do so. See Public Citizen, Thayer, Faust, and Trilles, all supra; SUTHERLAND § 46.07.1 do not read sections 501, 511, and 7101 to give the Secretary the authority to stay claims pending before the Board beyond this limited circumstance.
IV. CONCLUSION
In light of the foregoing, I would avoid the absurd result reached by a literal reading of section 7107 without reading the statute so broadly as to provide the Secretary the general authority to stay appeals pending before the Board. I would read section 7107 to give the Board the flexibility to decide later-docketed appeals before earlier-docketed appeals in the ordinary course of business so long as the decisions are issued relatively contemporaneously. Thus, I would conclude that section 7107 prevents the Secretary or the Board Chairman from staying a broad class of cases indefinitely because the plain, obvious intent of section 7107, and the Secretary’s implementing regulation, § 20.900, is to require that the Board generally decide appeals in the order in which they are docketed.
Furthermore, I read very narrowly the Court’s conclusion that the Secretary’s management authority over the Board to include “a decision on whether a particular appeal pending at the Board must be stayed pending an interpretation of law— an interpretation to be provided by the Secretary in a regulation or a General Counsel Opinion.” Ante at 27. I believe that this authority to stay is limited solely to instances where an interpretation of law is absolutely necessary to adjudicate a claim (see NOVA II, NOVA I, and Lane, all supra), and without such an interpretation, the Board clearly cannot decide the appeal. In these instances, section 7107 *45-51 should not be read to prevent the Board from staying such appeals for the Secretary or the General Counsel to provide interpretive guidance expeditiously. However, in spite of my different interpretation of section 7107 and § 20.900, I join the holding of the Court that the proper course of action for the Secretary in this case is to file a motion in the Federal Circuit for a stay of the appeals affected by Smith, supra.

. Although I do not define "relatively contemporaneous,” in light of the factors discussed infra, it would not be unreasonable for some later-docketed appeals to be decided months after some earlier-docketed appeals.

. At oral argument, the Secretary argued that the petitioners' appeals were "considered” by *43 the Board in order to determine whether the instant stay was appropriate. This argument is unpersuasive. When the use of the word “considered” in § 20.900(b) is examined in the context of the use of the phrase “considered and decided” in section 7107(a)(1), it is clear that the term “considered” means that the appeals are considered on the merits. The stay specifically delays consideration of the petitioners’ appeals on the merits.

. At oral argument the petitioners provided an apt analogy regarding the structure of the Board and how cases are distributed. The petitioners compared the Board's decision-making process to the checkout lines at a large store. In this analogy, each Veterans Law Judge would be like a cashier and each appellant would be like a customer. An appeal would be “considered” when the cashier begins ringing up an order, and would be decided when the customer leaves the store. A postponement of consideration would be analogous to a price check. Just as some customers at a store have more items than others, some appeals involve more issues than others, and thus, some lines will likely move faster than others at any given time. Under the petitioners' desired interpretation of section 7107, it would be sufficient that the appeals get into their respective line in docket number order.